## TROTTER and M'GONNEGAL v. M'AFEE.

A. sells his crop of cotton to B. to be delivered at the gin of C.; after part is delivered, B. gives directions to C. as to baling, &c. and furnishes the baling and rope. Although the cotton receipts are taken in A's. own name, the contract is executed on the delivery of the cotton at the gin; and if it be lost by fire, &c. the loss falls on B.

ASSUMPSIT in the Circuit Court of Lawrence county, by M'Afee against Trotter and M'Gonnegal. Verdict and judgement for the plaintiff.

On the trial it was proved, that the plaintiff had contracted with defendants for the sale of his crop of cotton, to be delivered at the gin of one Peters, who was authorized by them to receive it, and was furnished by them with bagging and rope, for the purpose of having it baled and prepared for market. After a part of the cotton had been delivered, one of the defendants was at the gin and instructed Peters to bale the cotton as soon as he could; and a short time before the last of the cotton was delivered, directions were sent by the defendants to the plaintiff, to deliver the residue as soon as he could. M'Afee delivered the rest of his crop at the gin, and took a receipt for it in the usual form, from the owner of the gin, to himself; soon afterwards, the gin and the cotton were destroyed by fire, the plaintiff had not assigned over the receipt.

The defendants, by their counsel, moved the Court to

JANUARY 1827. charge the jury, that the title to the cotton was vested in the plaintiff, by his taking the receipt therefor in his own name, and that an assignment and delivery of the receipt to the defendants was necessary, to enable them to enforce their claim; and as the cotton was burnt before such assignment and delivery, the loss must fall on the plaintiff; which instruction the Court refused to give, but charged the jury that, if from the evidence, they believed that the contract was consummated by the delivery of the cotton at the gin, although the receipt was in plaintiff's own name, the loss must fall on the defendants. Trotter and M'Gonnegal excepted to this charge, and assigned the matter of the bill of exceptions as error.

Trotter and M'Gonnegal
v.
M'Afee.

ORMOND, for plaintiffs.

COALTER, for defendant in error.

THE CHIEF JUSTICE delivered the opinion of the Court.

THERE is some difficulty in coming to a satisfactory conclusion, as to the point of time when the contract was executed, and the plaintiff having taken the receipt in his own name, has contributed much to embarrass the question. The statute authorizes the transfer of cotton receipts, and imposes heavy penalties on gin holders for not delivering cotton to the legal holder of such receipts. [a] But if the contract was complete on the delivery of the cotton in question, the receipt could not control it. The gin holder had notice of the contract, and if he had been sued on his receipt, it would have been competent for him to have proved, that the cotton did not belong to the holder of the receipt. The cotton was delivered by the order of the defendants. They exercised ownership over it in directing it to be ginned and baled; they furnished the bagging and rope. It appears then that they considered that the delivery at the gin executed the contract. We are not authorized to infer that, by taking the receipt in his own name, the plaintiff had in view any thing else than a fair settlement with the defendants. The receipt was evidence of the quantity of cotton that he had delivered. If after delivering, he had taken it from the gin, he would have been liable to the defendants, not on the contract, but for the value of the cotton. The judgement must be affirmed.

a Laws Ala. 67,68

Judge GAYLE, having presided on the trial in the Court below, and Judge WHITE having been of counsel, did not sit.