HONE and others *v.* VAN SCHAICK *et al.*

A granddaughter was married at the time a testator made his will; and he had, as to a full share of his estate, placed her on a footing with his children. He also bequeathed a legacy of $6000 to each of his grandchildren as were under age and unmarried and living at the time of payment. There were other grandchildren and who were under age. *Held*, that this grandchild (thus of age) did not take such legacy.

Great grandchildren do not take under the designation of *grandchildren*, unless where it plainly appears that such was the intention.

*March* 10, 1841.

*Will.*
*Legacy.*
*Great*
*grandchildren.*
*" Grand-*
*children."*

THIS case came before the court on the petition of Charles Kneeland, who asked to be paid a legacy of six thousand dollars, on account of his two infant children and for whom he was guardian ; with an alternative prayer for a legacy of the like amount to his late wife Joanna, now deceased, and who was one of the grandchildren of John Hone, the testator.

A reference to the points for decision will sufficiently appear in the opinion of the court.

Mr. *G. Clark*, for the petitioner.

Mr. *Anthon*, contra.

*Sept.* 15.

THE VICE-CHANCELLOR :—The questions presented are not entirely free from difficulty. The claim, whether on behalf of the late Mrs. Kneeland or her two infant children, *in esse* at the death of the testator, depends upon the construction to be given to the will and codicil. And that construction is to be governed by this intention ; and it is not easy, from the will

itself, to ascertain precisely whether he meant to include Mrs. Kneeland in the bequest of six thousand dollars to each of his grandchildren; and if not her, still whether her children, being great grandchildren of the testator, were intended to be included in the general designation of *grandchildren.*

The words, " I do hereby give, devise and bequeath unto each of my grandchildren living at the time of my decease the sum of six thousand dollars," would include Mrs. Kneeland, if they stood uncontrolled by other words, she being a grand-daughter living at the time of the testator's death; but the additional words, in relation to the payment of the legacies, seem to me to qualify and restrict the gift to such grandchildren as should, at that time, be under age and unmarried. The legacies are made payable at the age of twenty-one or time of marriage, whichever event should first happen, and even then the payment " is in no case to be made without the approbation of the parents of such grandchild or the survivor of such parents to be expressed in writing to the executors ;" it being the testator's wish " that after either of said events, the parent or parents might fix a discreet and proper time for the payment thereof."

At the time of making this will, the testator knew that this granddaughter, if not twenty-one, was, at least, a married woman. He speaks of her in the previous part of the testament as the wife of Mr. Kneeland and as the daughter of and representative of his deceased son Philip; and I should say, it can hardly be supposed that he intended to give her a legacy of six thousand dollars, the payment of which was to be deferred until the happening of an event which, with respect to her, was already past and which payment also was to depend upon the approbation of parents or a parent and to be controlled, in some measure, by them. These directions in the will plainly indicate that the testator had in view minor and unmarried grandchildren for whom he wished to provide marriage portions or an outfit and could not have intended to include a grandchild among the number, such grandchild being already married or of full age and to whom the directions about payment would be entirely inapplicable. And an affidavit read on the hearing of the petition proves that there were quite a number of grand-

1841.

HONE
*v.*
VAN SCHAICK.

children under age and unmarried to whom they would be strictly applicable.

The question is not now upon the character of these legacies, whether they are vested and took effect immediately upon the death of the testator with the time of payment postponed, or whether they are contingent and depending on the respective legatees attaining the age of twenty-one years or marrying, or on the consent of parents as to the payment: but it is, as to construction and intendment with regard to the persons who are to take? And in order to ascertain this, it is fair to look at the directions contained in the will for payment of the legacies. Where we find those directions inapplicable to the case of one of the grandchildren and inconsistent with the gift, as a gift to her, the court is warranted in the conclusion that, although the testator says *to each of his grandchildren*, yet that he did not intend to include Mrs. Kneeland as one of the number. Another reason for this conclusion is, that, in previous parts of the will, the testator gives to Mrs. Kneeland an equal share of his estate with his own children both as regards the immediate income and the capital upon a partition which he directs to be made, putting her in the place of his deceased son, her father, and declaring that she was "to be considered as standing in the same situation with regard to her own rights and those of her issue as his daughters ; and all the rules applying to them, their husbands and issue, to be applied to her, her husband and issue." Thus, putting her upon the footing of a daughter with respect to a full share of the estate and rendering it highly improbable that he could have intended to deal more generously with her than with his own daughters, by giving her a legacy besides in the rank of a granddaughter.

But while these facts seem to silence her claim to a legacy and exclude her from the class of grandchildren provided for by the will, it is from the same facts that the argument is drawn in favor of placing her children along side of the grandchildren of the testator as legatees.

I consider, however, that this argument cannot be allowed to prevail. The rules of law are against great grandchildren taking along with grandchildren under the general description of grandchildren, unless from the context of the will it clearly appears the testator meant to include them. Here, the be-

quest is to grandchildren. There are persons standing in this relation to the testator and fully answering that description; the presumption is, he used the words according to their strict and primary acceptation; and to justify the extension and application of those words to great grandchildren by construction, the intention to do so must be very apparent. The rules contained in Wigram's first and second propositions for the interpretations of wills and stated by the Chancellor in *Mowatt* v. *Carow*, 7 Paige's C. R. 339, where cases in support of it are cited, is the correct one; and see in addition *Cutter* v. *Doughty*, 23 Wend., 513, involving the construction of the same will which was before this court in *Barnes* v. *Grenzebach*, 1 Edwards' Ch. Rep. 41, and where the supreme court held that though, in a devise of property, the testator denominated the children of a step-daughter his *grandchildren*, such children were not entitled to take under a subsequent clause limiting the estate over to grandchildren in the event that had happened. The opinion delivered by Mr. Justice Cowen in that case, presenting as it does the clearest possible exposition of the rules and principles of interpretation in cases of this kind, seems to me to be perfectly decisive of the present case. It shows that, under circumstances like those which exist here, the court is not at liberty to depart from the natural and primary meaning of the words " grandchildren" and extend them so as to embrace, at the same time, great grandchildren; that, although the testator has evinced a design in one part of his will to place his granddaughter, Mrs. Kneeland, upon the same footing as a daughter and has declared she was to be considered as standing in the same situation with regard to her own rights and those of her issue as his daughters, yet that this is to be confined to what he obviously had in view at the time he made that declaration, which was her one-ninth of the income of the estate and that equal share which she or her children were to take in the ultimate partition. This declaration has a sufficient meaning, without connecting it with the subsequent bequest of legacies to grandchildren.

All the words of this will are susceptible of an application and may be allowed to have an effect according to their popular sense and meaning, without resorting to any secondary

1841.

HONE
*v.*
VAN SCHAICK.

sense or application of them in order to render the same effectual.

For these reasons, I must decide against the whole claim set up in this petition.