FEIT'S EXECUTORS *vs.* VANATTA and others.

1. The word "children" will not be construed to include grandchildren, unless there is something in the context to show that the testator intended that it should include grandchildren, or unless the provision will be inoperative without such construction.

2. Upon an ordinary limitation *by way of remainder* to children, &c., in a class, all who are *in esse* at the time of the death of the testator, take vested and consequently transmissible interests, immediately upon the testator's death.

This case was argued on final hearing, upon pleadings and proofs.

*Mr. Shipman,* for complainants.

*Mr. P. D. Vroom,* for defendants.

THE CHANCELLOR.

The bill is filed by the complainants for the construction of the will of Mary Feit, and for directions as to the execution of it, which devolved upon them as the executors of Paul Feit, her surviving executor. Mary Feit bequeathed to each of her other children $700, and then bequeathed to her executors $700, in trust, to pay the interest annually to her daughter, Ann Davision, during her natural life, and

after her decease, bequeathed the same to the children of her daughter, Ann Davison, share and share alike; but if no children of her daughter Ann should be living, then to fall into the residue of her estate.

The residue of her estate she directed to be equally divided among her children; and that the part which should fall to her daughter, Ann Davison, should remain in the hands of her executors, and the interest of it be paid to her daughter Ann, during her natural life; and after the decease of Ann, she gave her part of the residue to her children, equally to be divided among them. At the date of the will Ann had one child, Mary, who afterwards married Samuel Vanatta, by whom she had children. She died in the lifetime of her mother, leaving her husband and children surviving her. Ann Davison died in 1866, leaving no other children or descendants than the children of Mary Vanatta. Ann Davison's share of the residue was $746, which was retained for her by the executors; and the question now is, whether this specific and residuary bequest passes to her daughter's children, or to her representative, or falls into the residue of the estate.

The word children used in this will, does not, in its settled and usual signification, include grandchildren, though it is sometimes used to include them. The settled rule in the construction of wills is, that it will not be construed to include grandchildren, unless there is something in the context to show that the testator intended that it should include grandchildren, or unless the provision will be inoperative without such construction. 1 *Roper on Leg.* 68; 4 *Kent* 345; 2 *Jarman on Wills* 69; 2 *Williams on Executors* 988; *Crooke* v. *Brookeing*, 2 *Vern.* 106; *Radcliffe* v. *Buckley*, 10 *Ves.* 195; *Moor* v. *Raisbeck*, 12 *Sim.* 123; *Mowatt* v. *Carow*, 7 *Paige* 328; *Cutter* v. *Doughty*, 23 *Wend.* 522; *Tier* v. *Pennell*, 1 *Edw. Ch.* 354; *Hone* v. *Van Schaick*, 3 *Edw. Ch.* 474; *S. C., in Error*, 3 *N. Y.* 538.

In this case, there is nothing in the will to show that the testator intended to include grandchildren. There is no

provision in it which would be in any way inconsistent with an express direction that this $700 should in no case be paid to Ann's grandchildren; and the bequest was clearly valid and operative to vest the legacy in Mary, the daughter of Ann, who was living at the date of the will. These words must then be taken in their usual and natural signification to mean children only, and not to include grand children. Then the provision that if no children of Ann should be living at her death, the specific legacy of $700, should fall into the residue of her estate, took effect upon the death of Ann, without any child surviving.

This limitation over is confined to the specific legacy, and is not annexed to the bequest of the residue. The gift of the interest of the residue to Ann, for life, and the principal to her children at her death, gave a vested interest to such child of Ann as was living at the date of the will, and the death of the testatrix. This was held by the Court of Errors, in a will where the children were named, in *Howell's Ex'r* v. *Green's Adm'r*, 2 *Vroom* 570.

The result of the decisions on this point, is correctly stated in 2 *Williams on Executors* 983. " Upon an ordinary limitation *by way of remainder* to children, &c., in a class, all who are *in esse* at the time of the death of the testator, take vested and consequently transmissible interests, immediately upon the testator's death, and all who come *in esse* before the particular estates end, and the limitation takes effect in possession, are to be let in, and take a vested interest as soon as they come *in esse,* and they and their representatives will take, as if they had been *in esse* at the testator's death." In the residuary bequest there was no limitation over in case no child of Ann was living at her death, as in the gift of the $700. The residuary legacy to Ann being vested in her daughter Mary, from the death of the testatrix, and no other child having been born in the life of Ann, must be paid to the representative of Mary; that is the administrator of her estate. It is personal estate, and after payment of debts must be distributed according to

law. In this case it will belong to her husband, Samuel Vanatta.

It was a proper case for the executor to ask directions, and the costs of the parties must be paid out of the estate; also, a counsel fee to the executors.