LYDIA A. DILDINE

*v.*

RALPH DILDINE, executor &c., and others.

A testator gave " unto my beloved sisters Martha and Abigail, and to my brothers Ralph and Abram, all the lands situate in O. county, Ill., share and share alike, and all my personal property of every kind and description." When the will was made, both Martha and Abigail were dead, leaving issue. Testator left no children nor descendants of children, nor father, nor mother, and no brothers except Ralph and Abram.—*Held,*

(1) That there being no words of substitution in the clause quoted, nor such intention apparent from any other clause in the will, the gift to the sisters lapsed, whether testator knew, when he made the will, that they were dead or not.

(2) That a gift to individuals described by name, although they may constitute a class standing alone, indicates an intention to give to them only as individuals, and therefore Ralph and Abram do not take the whole gift.

(3) That the testator died intestate as to one-half of the personal property mentioned in this clause, and it must be distributed among his next of kin, including his widow, notwithstanding a provision for her in another clause in lieu of her dower.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. Lewis Cochran,* for complainant.

*Mr. Thomas N. McCarter,* for Ralph Dildine.

*Mr. Thomas Kays,* for the children of Martha Edwards and Abigail Hill.

THE CHANCELLOR.

Henry Dildine, late of Sussex county, by his will dated February 7th, 1874, after directing payment of his debts and funeral expenses, gave to his wife, in lieu of dower, the use for life of the house and lot which he occupied at the date of the will, and gave to her, as her sole property, all his household goods and furniture and the interest arising from his bank stock. He then gave to John S. Primrose, one-third of a farm in Pennsylvania, and the rest of it to Primrose's brothers and sisters, in equal shares. The will then proceeded as follows:

" Item. I do give and devise unto my beloved sisters Martha and Abigail, and to my brothers Ralph and Abram T., all the lands situated in Ogle county, Illinois, share and share alike, and all my personal property of every kind and description except the bank stock heretofore mentioned, which is left in trust for my wife.

" Item. I do give and devise unto all of my brothers and sisters or their representatives, after the decease of my wife, the house and lot left in trust for her, and also the bank stock left in trust for her, to be equally divided, share and share alike."

Dildine *v.* Dildine.

The testator's sisters Martha and Abigail were dead when the will was made. He left neither children nor descendants of children, nor father, nor mother, nor any sister, and no brothers except Ralph and Abram. The question presented is, whether the gift to Martha and Abigail, of the personal property other than the bank stock, lapsed, or whether it went to the children of Martha and Abigail or to the testator's brothers Ralph and Abram. That the gift to the sisters lapsed, there is no room to doubt. It is familiar law that a legacy lapses by the death of the legatee in the life-time of the testator, unless there be words of substitution or other provision in the will, or by the statute, against a lapse. Nor does it make any difference whether the testator knew when the will was made that the legatee was dead. *Maybank.* v. *Brooks, 1 Bro. C. C. 84; Doe d. Turner* v. *Kett, 4 T. R. 605; Lovelass on Wills 445, 446; Comfort* v. *Mather, 2 W. & S. 450.*

But it is urged in behalf of the brothers in this case that the gift to the sisters and brothers, though *nominatim,* was intended as a gift to a class, and, therefore, under the circumstances the brothers take the whole. The rule is, that a gift by will to individuals described by name, though they may constitute a class, indicates the testator's intention to give to them only as individuals. If it appears by other parts of the will that it was the testator's intention that the persons so named should take as a class and not as individuals, the will will be construed accordingly. *Hoppock* v. *Tucker, 59 N. Y. 202,* also *Jackson* v. *Roberts, 14 Gray 546,* and cases there cited.

What evidence is there in the will in this case to lead to the conclusion that the testator, in the bequest under consideration, intended to give to his brothers and sisters as a class and not as individuals? He not only gives to them by name, but the gift is to them in equal shares. A gift to persons named, in equal shares, creates a tenancy in common unless when, under a will, it is clear that the testator intended that it should be a joint tenancy. It is urged that the fact that in this case the testator did not intend to die

Dildine *v.* Dildine.

intestate of any part of his estate, but intended to dispose of it all, is evidence that he intended that there should be a survivorship in favor of his brothers in the gift in question. But when he made the will he knew that his sisters were both dead, and yet the gift is to them by name. If he intended that the brothers should have all the property which was the subject of the gift, why not say so? Why give to each of the two sisters an equal share of it with them? It must be remembered that he knew the sisters were dead. He might have intended (and I think he probably did so intend) by the gift to bestow one-quarter of the property on the children of his sisters, the scrivener using the names of the sisters with a view thus to express the testator's intention that their children should take *per stirpes.* But if such was the testator's intention, he has not so declared it as to effectuate it. The rules of construction forbid the substitution of the children for the parent under such a bequest. *Lovelass on Wills 445; Hand* v. *Marcy, 1 Stew. 59; Comfort* v. *Mather, 2 W. & S. 450; Sword* v. *Adams, 3 Yeates 34; Sloan* v. *House, 2 Rawle 28; Dickinson* v. *Purvis, 8 Serg. & R. 71; Armstrong* v. *Moran, 1 Bradf. 314.*

The fact that the testator intended to dispose of all of his property by the will, will no more lead to the conclusion that he intended a survivorship than it will to the conclusion that he intended a substitution. It leads to neither the one nor the other. By the next clause (above quoted) of the will, the testator expressly provided for representation or substitution with respect to his sisters, Martha, Abigail and Elizabeth (the last was also dead when he made the will), in the gift of the remainder in the house and lot and the bank stock. The gift, in that case, is to all of his brothers and sisters or their representatives. He had no sister living, as before stated. The cause of the omission to provide for substitution in the clause under construction, while it is provided for in the very next clause, with reference to the same persons, can only be conjectured. In the case of *Taylor* v. *Conner, 7 Ind.*

*115*, cited by the counsel of the children of Martha and Abigail, there were words which were held to be words of substitution. The devise was to the sons of the testator, *nominatim*, to be equally divided between them "or their heirs." Such words were held to be words of substitution in *Gittings* v. *McDermott, 2 Myl. & K. 65*.

The testator died intestate of one-half the personal property mentioned in the claim under consideration, and it, therefore, goes to his next of kin, and will be distributed according to the statute of distribution. *Scudder* v. *Van Arsdale, 1 Beas. 109.* The widow is to be included among the distributees. *Hand* v. *Marcy, ubi supra.*