WYCKOFF BRUERE AND MARY H. BRUERE

*v.*

ROBERT BRUERE.

Lands were conveyed to S. in trust for the use of H. for life, " and at his [H's] decease will convey the same to his [H.'s] child or children or their heirs; and further, in default of such heirs, the said hereby-conveyed premises to be the absolute property of the said R., his heirs and assigns." H. is dead, leaving two children who are unmarried and without issue.—*Held,* that they are entitled to a conveyance of the lands in fee.

---

On final hearing on bill and answer.

*Mr. J. H. Gaskill,* for complainants.

*Mr. P. S. Scovel,* for defendant

Van Fleet, V. C.

This case presents but a single question: What estate are the complainants entitled to have conveyed to them, in a farm situate in Burlington county, which the defendant holds upon certain trusts? The farm, in question, was conveyed by Samuel Powell to the defendant, March 27th, 1868, upon the following trusts: That he should hold the same to and for the use of Henry Bruere, for and during the term of his natural life, "*and at his decease will convey the same to his child, or children, or their heirs; and further, in default of such heirs, the said hereby conveyed premises to be the absolute property of the said Robert Bruere, his heirs and assigns.*"

The life-tenant is dead. He left two children, the complainants. They are unmarried and without issue. They claim that the trustee is required, by the terms of the trust, to surrender the fee of the farm to them, while he claims that they are entitled only to the conveyance of a life estate.

The defendant is the uncle of the complainants, being the brother of their father. It is obvious, I think, that the parties to the deed have not expressed their meaning in technical language. It will be observed that if we read the trust literally, the last sentence can never have effect. It provides that if the complainants die, without heirs, that is, if they die without leaving any person capable of succeeding to their inheritance, then the farm shall be the absolute property of their uncle. Such a state of affairs cannot occur so long as their uncle is in being. To speak in the language of the deed, there can be "no default in heirs" to the complainants, so long as their uncle, or any of his blood are in existence. Hence, it is clear, I think, that the word "heirs" was not used in its most comprehensive sense. To so construe it, would render one provision of the trust entirely abortive.

Another construction may be adopted, which will give effect to each provision of the trust. The court is bound in construing an instrument, when its language may be read, fairly, in two senses, to adopt that reading which will give full effect to all of

28

its provisions, in preference to a construction which will permit only part of its provisions to be carried into effect.

I think it is quite ·evident that the word " heirs " was used here in the sense of "issue," and that the correct legal reading of the terms of the trust, so far as they touch the question under consideration, is as follows :

" And at his decease [that is at the decease of Henry Bruere] will convey the same to his child, or children, or their issue, and further in default of such issue, the said hereby conveyed premises to ·be the absolute property of the said Robert Bruere, his heirs or assigns."

I have no doubt that this reading will accomplish what is the great object of all rules of construction, viz., to give effect to the intention of the parties.

Taking the construction just stated to be the true one, the question presented by this clause is this : What estate did the creator of the trust intend should be conveyed to the child or children of the life-tenant, on the life-tenant's death ? I regard it as entirely clear that it was intended that the trust should terminate on the death of the life-tenant. The direction of the deed is, " *at his death will convey the same to his child or children, or their issue.*" The trustee is to denude himself of title on the death of the life-tenant. There is no direction that he shall convey a less estate than the whole, nor is any purpose manifested to subdivide the estate, and carve out distinct interests or estates. A conveyance of the farm is directed to be made to one or more persons who are clearly designated. As a general rule, an agreement or direction to convey land, means that a conveyance of the fee shall be made. The direction is in the disjunctive ; it is to be conveyed to his child, or his children, or to their issue. If there are both children and their issue, they are not both to take—the children a part and their issue the remainder. In order to make such a construction possible, it would be necessary to change the sentence from the disjunctive to the conjunctive. Changes, as radical as that, are sometimes made, but only under

the stress of peculiar circumstances, when it seems clear that a literal reading will defeat the intention of the parties.

The main difficulty grows out of the next clause of this instrument, which reads as follows :

"And further in default of such issue, the said hereby conveyed premises to be the absolute property of the said Robert Bruere, his heirs or assigns."

It is contended that this sentence, when read in connection with what precedes it, shows that the children were in no event to take a fee, but simply a life estate, with remainder to their issue, and in case the children died without issue, then with remainder to the defendant. This construction proceeds upon the notion that in order to express the intention of the creator of the trust clearly, the words "*in default of such issue*" should be paraphrased, as follows : "And in case his children die without leaving issue them surviving, then the said farm shall become the absolute property of the said Robert Bruere."

But to read the instrument in this way, would require the court to do something more than simply expound it, it would be required to declare an entirely new trust.

Now, if the defendant was to take in default of issue to the children of the life-tenant, it becomes important to inquire, at what time such failure of issue must occur in order to cast the remainder upon the defendant. It would seem to be clear that it must occur before the termination of the trust estate ; before the trustee is required to surrender the legal estate. He is required to do that on the death of Henry Bruere. So that if we say the terms of the trust make provision for the granting of different estates to be enjoyed successively, to one class a life estate and to another a remainder in fee, then, inasmuch as the rights of both classes became unalterably fixed on the death of Henry Bruere, we are bound to say, as his children had no issue at that time, that the defendant is now entitled to the remainder in fee. But, as already shown, the direction to convey cannot be read in this wise without first making a substantial change in its structure.

It is clear, I think, that no such trust as that claimed by the defendant is expressly declared. If it can be found at all, it results from implication, and we are not at liberty to discover meaning or intent by implication, if any material provision of the instrument forbids it, or renders the meaning thus ascertained doubtful or uncertain. I think there is such a provision in this instrument. I refer to the one which fixes the time when the trust shall terminate. Whatever obscurity may surround other portions of this instrument, there is none as to the time when the trust shall end, and the defendant shall make over the legal title. Its direction is clear, plain and positive that on the death of the life-tenant, he shall convey to the life-tenant's child, or children, or to their issue. He is not to convey to both of the classes mentioned, nor by qualified estates, but the whole to one person or class. If it had happened that there were both children and their issue, when it became the duty of the trustee to convey, I think he would have been required to have conveyed to the children and not to their issue. Such, I think, is the plain direction of the terms of the trust.

The contingency for which the parties intended to provide, by the clause upon which the defendant rests his claim, was, according to my interpretation of the instrument, the death of the life-tenant's child or children, without issue, before the termination of the trust. Reading the instrument in this way, the scheme of the trust is freed from all intricacy, and made perfectly simple; it is made just such an arrangement of property as an unprofessional man would have been likely to originate.

I think the complainants are entitled to a conveyance in fee.