SAMUEL C. DUNN et al., executors of Brittin,

v.

FRANK CORY et al.

[Filed October 17th, 1898.]

1. Testator gave (1) to the child of J. $1,000, (2) to the children of P. $1,000, (3) to the child of S. $1,000, and declared that, "in case of the death of any of the above legatees before me, the legacy shall not lapse, but shall go to their lawful issue, if they leave such issue." J. left several children.— *Held*, that the word "child," in clause 1, should be construed "children," and the legacy should be divided among all the children of J.

2. Bequest to the children of P. P. had had twelve children, seven of whom were living at the date of the will. Only three of the five who had died before that time left children; and one died between the date of the will and the date of the testator's death, leaving children. Six survived testator.— *Held*, that the children of those who died before the date of the will were not entitled to share with the children of the one who died after the date of the will, and with those who survived testator.

3. S. had but one child, who died a few months before the will was made, leaving children.—*Held*, that the word "child," in the gift to the child of S., means "grandchildren."

On final hearing on pleadings and proofs.

*Mr. Francis J. Swayze*, for the executors.

*Mr. Robert Carey*, for the claimants of a bequest.

PITNEY, V. C.

This bill is filed by the executors of Pemberton Brittin for directions as to the distribution of his estate, and involves the construction of several clauses in his will.

By the second paragraph he gives several pecuniary legacies, among others three as follows:

(1) "To the child of John Primrose, one thousand dollars.
(2) "To the children of Pettit B. Primrose, one thousand dollars.
(3) "To the child of Sarah Roy, one thousand dollars."

Further on, in the same paragraph, he says :

"In case of the death of any of the above legatees before me, the legacy shall not lapse, but shall go to their lawful issue, if they leave such issue."

*First.* In the case of the bequest to "the child of John Primrose." In point of fact, John Primrose, who was the cousin of the testator, left several children, and the question is whether the word "*child*" should be construed "children," and the legacy should be divided among all the children. I am of the opinion that it should.

*Second.* The next case is that of a bequest "to the children of Pettit B. Primrose, $1,000."

Pettit B. Primrose had had twelve children, seven of whom were living at the date of the will, five had died prior to the date of the will, only three, however, leaving children, and one died between the date of the will and the date of the testator's death, leaving children, and six survived the testator. The question is whether the children of those who died prior to the date of the will are entitled to come in with the children of the one who died after the date of the will and with those who survived the testator.

Of course, we are to ascertain the intention of the testator by considering the language used as applied to all the circumstances, and, in the absence of the use of technical language which has attained a settled meaning, prior decisions are of use only to show what meaning different judges have put upon similar language.

The general rule undoubtedly is that no person can come under the description of a "legatee" unless he is alive at the date of the will. And the general rule also is that the word "child" does not mean "grandchild," or "children" "grandchildren." An exception to this rule, presently to be stated, is founded in necessity in order to prevent the entire failure of the provision.

There were children of Pettit B. Primrose living at the date of the will, and the bequest will take effect without including the descendants of those who died before the making of the

will, so that the argument from necessity does not apply, nor, in this instance, does the testator's express command that " the legacy shall not lapse " apply.

The question, then, is whether or not those children of Pettit who died in testator's lifetime can be properly classed as " legatees " under the so-called substitutionary clause above recited.

If the language of that clause had been, " In case of the death of any of the above-named *children* before me the legacy shall not lapse but shall go to their lawful issue," I should have thought, on the authority of the case of *Outcalt* v. *Outcalt, 15 Stew. Eq. 500,* that the descendants of those dying before the date of the will would have taken, on the ground that the gift would have been an independent gift and not substitutionary.

I have looked at a large number of cases and notwithstanding the great apparent conflict of authority in England and also in this country, I am constrained to adopt the view that the construction adopted by Sir Richard Malins, *In re Potter's Trust, 8 Eq. Cas. 52 (1869),* followed by him in subsequent cases, the latest being *In re Lucas's Will, 17 Ch. Div. 788 (1880),* was the correct one and was more likely to fulfill the expressed wishes of the testator than that adopted by the judges in the opposite line of cases. The authorities up to that date are all collected in the last-stated case.

The distinction in what may be called the substitutionary clause between naming the persons who originally were the direct object of the gift, describing them by their names or classes, and the word " legatee," was pointed out and acted upon by the same judge in *Hunter* v. *Cheshire, L. R. 8 Ch. App. 751,* and his decision was affirmed on appeal.

Upon the whole, I think the use of the word " legatees " prevents the operation in this case of the so-called substitutionary clause in favor of the descendants of those children who died before the making of the will.

*Third.* Next is the case of the legacy " to the child of Sarah Roy, $1,000."

Sarah Roy had but one child, which died a few months before

the will was made, leaving children, and the question is whether or not the word "child" in that case can be construed as meaning "grandchildren."

It is but a truism to say that the word "child" does not ordinarily include grandchildren, and since, for the reasons stated in the case of the "children of Pettit B. Primrose," the use of the word "legatee" in the substitutionary clause forbids the application of that clause in this case as well as in the other, the question remains whether there is anything in the circumstances which shows that the testator, by the use of the word "child" in that connection, referred to the descendants generally of Sarah Roy.

An examination of the will shows that the word "grandchildren" nowhere appears in it, although a large sum is given in trust for four certain beneficiaries severally for life, and at their death to their children or next of kin, and that in the same paragraph with the bequest under consideration there are no less than thirteen bequests to the "children" of a person named. So that the circumstance relied on in some of the cases, that the testator did mention and provide for children in one part of his will and for grandchildren in the same connection or in another part, and hence could not have intended by the word "child" to include "grandchildren," does not apply here.

It further appears that many of the beneficiaries were cousins and lived at a distance, and were much scattered, and it did not appear that the testator was acquainted with the situation of their families and the number or names of their children. The inference would be the contrary.

In most of the cases in which judges have held that the word "child" cannot be construed to mean "grandchildren," an exception has been noted as possible to arise out of the necessity of the case. It is thus stated by Chancellor Green in *Brokaw* v. *Peterson, 2 McCart. 194* (at *p. 198*): "The word children does not, ordinarily and properly speaking, comprehend grandchildren or issue generally. Their being included in that term is only permitted in two cases, namely, from necessity, which occurs

Dunn v. Cory.

when the will would remain inoperative unless the sense of the word children were extended beyond its natural import, and where the testator has clearly shown by other words that he did not intend to use the term children in its proper, actual meaning, but in a more extensive sense."

And the same thought is expressed by Chancellor Runyon in *Feit's Executors* v. *Vanatta, 6 C. E. Gr. 84* (at *p. 85*), where he says: " The settled rule in the construction of wills is that it [the word " children "] will not be construed to include grandchildren unless there is something in the context to show that the testator intended that it should include grandchildren, or unless the provision will be inoperative without such construction."

In using this language these jurists simply followed that of other judges.

In *Crooke* v. *Brookeing, 2 Vern. 106* (at *p. 108*), before the lord commissioners of the great seal, while it was held that children did not ordinarily mean grandchildren, all admitted that if there had been no child the grandchildren might have taken by the devise to the children of the testator.

Again, Lord Alvanley, in *Reeves* v. *Brymer, 4 Ves. 692*, said : " Children may mean grandchildren where there can be no other construction, but not otherwise."

And Sir William Grant, in *Radcliffe* v. *Buckley, 10 Ves. 195* (at *p. 201*), says: " The proposition that children may mean grandchildren where there can be no other construction, but not otherwise, is consistent with and founded upon previous cases. There are two cases in which that word has received another construction—first, the case of necessity, where the will would remain inoperative unless the sense is extended; next, where testator has clearly shown by other words that he does not use the word children in the proper sense, but means it in the more extensive signification."

The same judge, in the case of *Earl of Orford* v. *Churchill, 3 Ves. & B. 59* (at *p. 69*), said : " Where there is a total want of children, grandchildren have been let in under a liberal construction of the word children."

Dunn v. Cory.

This exception was practically applied in the case of *Gale* v. *Bennet, Amb. 681 (1768)*, by Lord Camden.

Lord Romilly, in *Fenn* v. *Death, 23 Beav. 73* (better reported in *2 Jur. (N. S.) 700*), held the same thing. The bequest there was:

"In trust for the children of my late mother's half-brother, Thomas Death, and which children shall, or to such one or more of them as shall be living at my decease, if more than one such child, to be equally divided between them as tenants in common."

None of the children of Thomas Death were living at the date of the will, and it was held that the grandchildren were entitled.

And Sir John Stuart, vice-chancellor, in *Berry* v. *Berry, 3 Giff. 134 7 Jur. (N. S.) 752*, applied the doctrine of necessity, and held the word "children" to mean grandchildren.

And, finally, in the more recent case of *In re Smith, Lord* v. *Hayward, 35 Ch. Div. (1887) 558*, Mr. Justice Kay (afterward lord justice of appeal), applied the rule, following *Berry* v. *Berry* and *Fenn* v. *Death.* The case was that a testator gave his residuary estate to trustees to divide the proceeds into six shares, and to pay one of such shares to the children of his deceased sister, and he gave the other five-sixths, by similar terms, to the children of five deceased persons. At the date of the will there were no children of the sister living, but there were two grandchildren, who both survived the testator.—*Held,* that the two grandchildren took the one-sixth given to the children of the deceased sister. In giving judgment, the learned judge uses this language: "If the testator, on the face of his will, gives a legacy to the children of a deceased person, mentioning that person as being dead, and at the date of the will there are no children of that person, but there are grandchildren, then the court, on the principle *ut res magis valeat*, holds that the gift takes effect in favor of the grandchildren."

The doctrine of these cases is stated to be settled law by Mr. Williams. *2 Wms. Ex. (R. & T. ed.) 359*, and Mr. Randolph's note on *p. 362*, where American cases are cited.

My conclusion, therefore, is that the grandchildren of Sarah Roy will take.

American Central Ins. Co. v. Landau.

None of the cases in New Jersey are inconsistent with this view. The bequest in *Feit's Executors* v. *Vanatta* took effect during the lifetime of the first taker, so that Chancellor Runyon felt that there was no necessity to apply the rule in that case. So the rule that I have adopted has no application to the circumstances in *Brokaw* v. *Peterson, 2 McCart. 194.* The question was not raised or discussed, and was not necessarily involved in the case of *Van Gieson* v. *Howard, 3 Halst. Ch. 462.*