Matilda McLaurin died December 20th, 1926, leaving a will dated April 8th, 1925, probated January 5th, 1927, paragraph 3 of which is as follows:
"Third. After paying my just debts and funeral expenses I direct the balance of my estate remaining be divided into five [5] equal parts or shares; one part or share I give, devise and bequeath unto my sister Jane Maria Forshee, if living; if not living, then to her children in equal parts among them; one part or share I give, devise and bequeath unto my sister Mary Amaline Palmer, if living; if not living, then to her children in equal parts among them; one part or share I give, devise and bequeath unto the children of my deceased *Page 447 
brother Peter F. Straut, one part or share I give, devise and bequeath unto the children of my deceased brother Jacob E. Straut, one part or share I give, devise and bequeath unto my brother George Straut, if living; if not living, then I direct that his part or share be paid to my sister Jane Maria Forshee, my sister Mary Amaline Palmer and the children of my deceased brother Peter F. Straut and the children of my deceased brother Jacob E. Straut."
Peter F. Straut died May 17th, 1887. He had two children, namely, Ida Dowdney, who is still living, and Charles Straut, who died April 20th, 1916, leaving three children, all of whom are still living.
Jacob E. Straut died February 26th, 1895. He had three children, namely, Stella Fox and Herbert Straut, both of whom are still living, and Eva Mackay, who died October 16th, 1908, leaving a child who is still living.
The bill is filed by the executor of the will of Matilda McLaurin praying a construction of a portion of the quoted clause of the will. The questions presented are (a) Does Ida Dowdney take the entire share given to the children of Peter F. Straut, or does she take one-half thereof and the children of Charles Straut (deceased child of Peter F. Straut) take the other half? (b) Do Stella Fox and Herbert Straut take the entire share given to the children of Jacob E. Straut, or do they each take one-third thereof and the child of Eva Mackay (deceased child of Jacob E. Straut) take the other third?
The word "children" in a will does not ordinarily have anything other than its natural or usual meaning in every day language.Redmond v. Gummere, 94 N.J. Eq. 216, 218. It may be given a more extensive meaning either from necessity to prevent a provision of a will from becoming inoperative unless the usual meaning of the word is extended, or where other words contained in the will show that the testatrix intended to use the word in a more extensive sense. Brokaw v. Peterson, 15 N.J. Eq. 194;Feit v. Vanatta, 21 N.J. Eq. 84; Dildine v. Dildine, 32 N.J. Eq. 78; Dunn v. Cory, 56 N.J. Eq. 507.
Without extending the ordinary meaning of the word "children," where it is used in this will, to include grandchildren, *Page 448 
the provisions under consideration are fully operative because there is a child of Peter F. Straut and there are children of Jacob E. Straut, all of whom survived the testatrix. When the testatrix executed her will she knew that Charles Straut (child of Peter F. Straut) had been dead about nine years and that Eva Mackay (child of Jacob E. Straut) had been dead about seventeen years, and she also knew that both had left children, or a child, who were living. Had the testatrix intended that the grandchildren, as well as the children, of Peter F. Straut and Jacob E. Straut should take under her will, it should be presumed that she would have so provided, but I find no such provision and I find nothing in the will from which such intention can be inferred.
It is urged that under Comp. Stat. p. 5866 § 22, the children of Charles Straut and the child of Eva Mackay take the share which their respective parents would have received had said parents not predeceased the testatrix. But the will gives no devise or legacy to Charles Straut or Eva Mackay. The gifts are to the children of Peter F. Straut and to the children of Jacob E. Straut, which are gifts to a class and not to individuals who might come within the class. In a gift of this nature there is no lapse of a share in the event of death, prior to the death of the testatrix, of one who might have come within the class, nor will the share which such deceased person might have received but for such death, pass under the above-mentioned statute to his children or descendants; the whole gift goes to those who come within the class and survive the testatrix. Dildine v.Dildine, supra; Clark v. Morehous, 74 N.J. Eq. 658; SecurityTrust Co. v. Lovett, 78 N.J. Eq. 445; Aitkin v. Sharp,93 N.J. Eq. 336; In re Helme, 95 N.J. Eq. 197; Supp v. SecondNational Bank, 98 N.J. Eq. 242.
The complainant, executor, is advised that Ida Dowdney is entitled to the entire share given by the will to the children of Peter F. Straut and that Stella Fox and Herbert Straut are entitled to the entire share given by the will to the children of Jacob E. Straut. *Page 449