Harrie W. Keihl died August 27th, 1878 (before the testator), without issue.
Josephine Jamison Keihl died March 15th, 1882, without issue.
Virginia W. Smylie (referred to in the will as Virginia W. Keihl) died May 30th, 1889, leaving one son, Robert S. Smylie, Jr., as her only issue.
William C. Stevens died January 25th, 1925, without issue.
Annie E. Stevens, the life beneficiary, died January 16th, 1928.
The first question propounded is: What effect did the death of Harrie W. Keihl prior to the death of the testator have upon the bequest of $5,000 to said Harrie W. Keihl? Did said sum lapse into the testator's residuary estate; or did the testator die intestate as to said sum, or did said sum remain in trust for distribution among the surviving sisters and brother of said Harrie W. Keihl?
Had the bequest been merely to the children of Annie E. Stevens, without naming them or specifying the share each should receive, there could be no doubt but that the bequest of the whole $24,000 trust fund would go to said children as a class and that the death of Harrie W. Keihl, prior to the testator's death, would not cause a lapse of his portion of the gift and that the whole trust fund would go to those members of the class who survived the testator (Forshee v. Dowdney, 101 N.J. Eq. 446;affirmed, 103 N.J. Eq. 374), but having named the children and stated their respective shares, a presumption arises that the testator intended the children to take as individuals and not as a class. Under such presumption the bequest to Harrie W. Keihl would lapse (Dildine v. Dildine, 32 N.J. Eq. 78; Clark v.Morehous, 74 N.J. Eq. 658), but the presumption is not conclusive, and *Page 421 
if, from the whole will, it appears that the testator intended his bequest to go to a class, the death of Harrie W. Keihl, a member of the class, before the death of the testator, will not result in a lapse of his portion and the surviving members of the class will take the whole. Security Trust Co. v. Lovett,78 N.J. Eq. 445.
Let us then examine the whole will for the purpose of ascertaining, if possible, the testator's intention. It appears to be a will of personal property only, because no reference is contained therein to real property. It also appears that the testator had no wife, child or descendants of a child and no surviving brothers or sisters, because no provision is therein made for any such relative, and that the sole objects of his bounty were nephews, nieces, grandnephews and grandnieces. The will divides the legatees into groups or classes, each group being provided for in separate clauses numbered from two to ten, inclusive, and it appears from the eleventh, or residuary, clause that the testator intended by the preceding clauses to dispose of his entire estate. The first bequest is the one here in question, of $24,000 to be held in trust for the benefit of a group consisting of a grandniece and her children and the bequests which follow are to eight other groups consisting of eighteen nephews, nieces, grandnephews and grandnieces for a total of $13,050, so that it appears that the first group was the testator's special concern because it was named first and because he set aside, in trust, almost two-thirds of his estate for its benefit. In providing for this group he stated that upon the death of his grandniece the whole principal sum should be distributed among her children (all of whom were living at the date of the will), their heirs or legal representatives. I think that the words "heirs or legal representatives" were used in the will in a substitutionary sense and mean "children" or "issue."Bruere v. Bruere, 35 N.J. Eq. 432; Baldwin v. Taylor,37 N.J. Eq. 78; affirmed, 38 N.J. Eq. 637; Davis v. Davis, 39 N.J. Eq. 13; Randolph v. Randolph, 40 N.J. Eq. 73; Eldridge v.Eldridge, 41 N.J. Eq. 89; Howell v. Steelman, 76 N.J. Eq. 423;affirmed, 77 N.J. Eq. 586; In re Smisson, 79 N.J. Eq. *Page 422 233. And that the testator intended to provide that if any child of his grandniece should die before the time for distribution arrived, leaving issue, such issue should take the deceased parent's share; he further provided that if any child of his grandniece should die during the lifetime of the grandniece, without issue, the surviving children should take the share of the one dying, which provisions certainly express the testator's intention to keep this principal sum within this family group, and I can find nothing which indicates an intention that in the event of the death of a child seven months prior to the testator's death, rather than one day after, the share given to that child should lapse. In the residuary clause the testator provided for two contingencies — first, that his estate might show a surplus after payment of legacies, and second, that his estate might prove insufficient to pay all legacies in full and in both contingencies he referred to all his bequests, which I take to include the entire bequest of $24,000 given in trust, and he directed that this trust fund should not benefit through a surplus or be abated by a deficit and he added these most significant words concerning the trust fund: "Said bequest in trust shall remain entire and not under any circumstances be increased or diminished." After reading and considering the whole will, I conclude that it discloses a general plan or purpose to dispose of the testator's estate among certain family groups and to set aside for each group the portions of his estate as specified in the several clauses of his will, naming the groups, and that he particularly intended that the family group named in the second clause should take the entire sum bequeathed to that group. The complainant trustee is therefore advised that the bequest of $5,000 to Harrie W. Keihl did not lapse.
The second question propounded is: Should the legacies given to the remaindermen named in the second clause upon the death of Annie E. Stevens, be paid to their legal representatives, there being no children of Annie E. Stevens surviving her? If not, to whom should said sums be paid?
Where a will bequeaths to a remainderman but postpones payment merely for the purpose of letting in a life interest, *Page 423 
the remainder vests immediately upon the death of the testator.In re Buzby, 94 N.J. Eq. 151; Wells v. Bennett, 100 N.J. Eq. 358.
The bequest in remainder of $24,000 therefore vested in Virginia W. Keihl, Josephine J. Keihl and William C. Stevens immediately upon the testator's death and, standing alone, was an absolute gift in remainder, but other provisions of the clause in question affect and qualify the gift. The testator said, in effect, that if any of these legatees should predecease the mother, leaving issue, such issue should take the deceased parent's share, and should any of them die in the mother's lifetime, without issue, the one so dying should be divested of his or her share of the bequest and such share should go to the survivors of said brother and sisters equally. The testator's manifest intention was that the trust fund should be preserved as a whole until the time fixed for distribution, and when that time arrived, the whole fund should go to the members of the group who survived the life beneficiary, or to the issue of such of them as should predecease her. All the remaindermen predeceased the life beneficiary. Josephine J. Keihl was the first to die and she died without issue. Under the terms of the will her share in remainder was divested and could not go to her administrator or executor but became vested in her sister Virginia W. Keihl and her half-brother William C. Stevens. Clement v. Creveling, 83 N.J. Eq. 318.
The next to die was Virginia W. Keihl (who had married one Smylie), and she left one son, Robert S. Smylie, Jr., as her only next of kin, who, as her "heir and legal representative," and under the terms of the will became vested with the share which had been vested in his mother at the time of her death and he survived the life beneficiary. The last to die was William C. Stevens, and he died without issue, and under the terms of the will his share was divested. It might be noted that if he died intestate (as to which the pleadings are silent) Robert S. Smylie, Jr., as his only next of kin, became entitled to the personal estate of which he died possessed. In re Tantum,97 N.J. Eq. 271. When the life beneficiary, Annie E. Stevens, died, Robert S. Smylie, Jr., was the only survivor of the group or class provided for *Page 424 
in the second clause of the testator's will and I am of the opinion that under the terms of the will, as I construe the testator's intention, said Robert S. Smylie, Jr., is entitled to the entire trust fund and the complainant trustee is so advised.