This is a suit seeking construction of the will of Mary Allen. She died, leaving her brother, complainant, as her *Page 525 
sole heir and next of kin. After certain bequests, the residue of the estate is disposed of as follows: "All the rest, residue and remainder I give to my grandnieces Adria Burkhiser and Mary Allen and my grandnephews John, Thomas, and George Allen, when they reach the age of twenty-one years."
The grandnieces and grandnephews named are all the grandchildren of complainant. All of them were infants at the commencement of this suit, but one, John Allen, Jr., became of age prior to the hearing. Certain income is in the hands of the executors subject to distribution in accordance with the construction to be given the residuary clause of the will.
The will is in the handwriting of testatrix and so far as appears, was drawn by herself. The will which is obviously not artificially drawn, gives rise to numerous questions as to its construction and effect. Is it a gift of the residuary estate to the legatees and devisees individually or as a class? Is the interest vested or contingent? If contingent, do the interests vest when each of them in turn becomes twenty-one, or when the youngest becomes twenty-one? Who is entitled to the income until the time for distribution arrives?
Although in fact all the five persons named as beneficiaries under the residuary clause do constitute a class, namely grandnephews and grandnieces, by reason of the grandchildren of testatrix' brother, there is no express naming of them as a class either in this clause or elsewhere in the will. Under the rule of construction as adopted in this state, the gift was to those named as individuals and not as a class. Dildine v. Dildine,32 N.J. Eq. 78, says:
"The rule is that a gift by will to individuals described by name, though they may constitute a class, indicates the testator's intention to give to them only as individuals."
The construction to be given the will accordingly is that each of the five bequests and devises is a separate one of one-fifth of the residuum to each of the persons named and there is no right of survivorship, among those remaining in line at the time of vesting, even if the gifts are contingent.
The next question is as to whether the bequests and devises are contingent or whether the interest of the five beneficiaries *Page 526 
vested immediately upon the death of the testatrix. If vested, this would mean each of them become immediately entitled to all the income of his or her share, to be turned over only upon the attaining of the age of twenty-one years.
In my opinion, their interest would not so vest, but the bequests and devises become effective in each instance only in case he or she shall reach the age of twenty-one. This construction seems necessary from the language used. To have caused an immediate vesting would require the insertion in the residuary clause of words indicating that payment of the bequest or devise was to be made on the attainment of twenty-one years. This would require that the clause be construed to read: "All the rest, residue and remainder I give to my grandnieces * * * and grandnephews, payable when they reach the age of twenty-one years." This rule of construction is adopted in Gifford v.Thorn, 9 N.J. Eq. 702 (at p. 705), where the court says:
"Where the time specified in the bequest is annexed to the payment only, as where the legacy is given, payable or to be paid when the legatee attains the age of twenty-one years, the legacy vests immediately upon the death of the testator. It is a present gift. The time of payment only is postponed. But where the time is annexed not to the payment only, but to the gift itself, as when the legacy is given to the legatee at twenty-one, or `if' or `when' he attains the age of twenty-one, the legacy does not vest until the legatee attains that age. The gift is upon the condition that the legatee shall attain the age specified. His attaining that age is a condition precedent; and if the condition be not fulfilled, the legacy never vests. The cases upon this subject are very numerous, and with few exceptions the rule will be found to have been for more than a century inflexibly maintained.
"* * * The general rule applies as well to bequests of the residue as to particular legacies; a decisive objection to adopting a different rule of construction would be, that it would necessarily lead to different interpretations of the same language in different parts of the same instrument."
In my opinion, the clause "when they reach the age of twenty-one years" was intended by the testatrix to mean each *Page 527 
one of the beneficiaries was to receive his or her share if and when each of them, respectively, should attain the age of twenty-one.
Since under the construction given the will each of the five named beneficiaries is to take only on condition that he or she would reach twenty-one years, it necessarily follows as to each particular fifth interest, testatrix died intestate as to each of these interests up to the time when the contingency may happen. The brother therefore as sole heir and next of kin took by operation of law the entire residuary estate subject to being divested as to each one-fifth interest upon the possible happening of the contingency. As to the one-fifth interest left to John Allen, Jr., this contingency has already occurred and said John Allen, Jr., became vested on that date with his one-fifth. If any of the other four beneficiaries should die before reaching the age of twenty-one years, his or her share will descend in its entirety to complainant as sole heir and next of kin.
Applying these principles to the accounting submitted by the executors herein, the court finds that complainant is entitled to all the income from the residuary estate up to the time that John Allen, Jr., became twenty-one; that from such time John Allen, Jr., is entitled not only to the income but to the corpus of his one-fifth interest; and that complainant will be entitled to income from the remaining four-fifths of the residuary estate, except that each of the other four beneficiaries will be entitled respectively to receive the corpus if and when they respectively attain the age of twenty-one years.
In my opinion there should be a trustee appointed to conserve the estate until the contingencies provided for in the will occur or until such time as it is determined that the estate will not vest.
A decree will be advised in accordance with this decision. *Page 528