In this cause the complainant, the substituted trustee of the last will and testament of one Frederick Sandford, deceased, seeks the aid of this court to direct him with respect to the further performance of his fiduciary duties. To properly advise him necessitated a judicial construction of the fourth article of decedent's will, which reads as follows:
"Fourth: I give and bequeath to my said wife, Ida C. Sandford the net income arising and to be derived from the entire residue of my *Page 33 
estate and property, for and during the term of her natural life, to be paid to her semi-annually during said term, — and at the death of my said wife I give, devise and bequeath said residue of my estate and property (including any and all lands which may not have been sold by my executrix, prior to that time) to my brothers and sisters to be equally divided between them, share and share alike.
"Provided however, if any or either of my said brothers or sisters, shall die, prior to the decease of my said wife, without leaving any lawful child or children him or her surviving, then the share or portion which the said brother or sister so deceased, would have been entitled to if living, shall go to and be equally divided among and between the surviving brothers and sisters.
"And provided further; if any or either of my said brothers or sisters, shall die prior to the decease of my said wife, leaving any lawful child or children him or her surviving, then I order and direct, that the share or portion which the said brother or sister so deceased would have been entitled to if living, shall go to the child or children as the case may be, of said brother or sister so deceased."
The assortment of factual events which have occasioned the uncertainty and diversity of opinion among the parties is displayed in a stipulation submitted at the final hearing. In summary, the testator died on May 11th, 1914. He was survived by his widow, Ida C. Sandford, who died testate on February 4th, 1946; by his mother, Amelia Laing Sandford, who died intestate on October 29th, 1917; by his sister, Emily Sandford, who died intestate, unmarried, and without issue on February 5th, 1921; by his sister, Laura Sandford Metcalf, who died testate on September 22d 1934; and by a brother, Percy Sandford, who died testate on May 8th, 1942. It is at once significant to observe that all of the beneficiaries in remainder of the residuary trust predeceased the life tenant, and I infer from the briefs of counsel that all of those beneficiaries died without ever having had issue.
I am aware of the presumption against intestacy which attains even greater tenacity where the subject of the gift comprises the residuary estate, but courts are not at liberty to amplify and augment a will and testament so that it will encompass eventualities which evidently eluded the contemplations and expectations of a testator.
What testamentary disposition the present testator would have made of the estates in remainder had he foreseen the actual course of events is not perceptible in his will. *Page 34 
I am constrained to conclude that in the circumstances the testator died intestate in respect of the fund now in the custody of the complainant as the trustee. I understand that the widow of the decedent was the sole next of kin of the testator, and therefore the fund should be paid to the executors of her estate.Cf. U.S. Trust Co. v. Jamison, 105 N.J. Eq. 418, 423;148 Atl. Rep. 398; Ricardo v. Kelly, 136 N.J. Eq. 365; 41 Atl. Rep.
2d 901; affirmed, 134 N.J. Law 540; 48 Atl. Rep. 2d897; Duane v. Stevens, 137 N.J. Eq. 329; 44 Atl. Rep. 2d716; Salem National Bank and Trust Co. v. Elkington, 139 N.J. Eq. 429; 51 Atl. Rep. 2d 889.