Hutton *v.* Hutton.

---

BENJAMIN H. HUTTON'S EXECUTORS

*v.*

CHARLES GORDON HUTTON et al.

1. The pendency of a bill for the construction of a will is no objection to a defendant making application for the appointment of an executor according to the requirements of the will, before the question of construction is concluded.

2. In such case, the will directing the surviving executors and the beneficiaries who are of age to make the appointment, the court will, upon their failing so to do, compel the appointment.

3. In such case the court does not determine the necessity, but only the fact that the contingency named by the testator exists, and, such contingency appearing, will order the directions of the will to be carried out.

4. The words "authorize and empower and request" in such case, being connected with the management of the estate, impose a duty.

5. Every one required to join in the appointment is entitled to notice of the time and place, when and where the appointment will be made.

On petition praying for the appointment of an executor.

*Mr. Frederick Frelinghuysen, Mr. B. Williamson,* and *Mr. Whitehead* (of New York), for petitioner.

*Mr. T. N. McCarter,* and *Mr. Cadwalader* (of New York), for James Gordon Hutton.

*Mr. Cortlandt Parker,* and *Mr. Landon* (of New York), for the executors.

BIRD, V. C.

This petition is filed by Adele, Marquise de Portes, and Anna Marie, Countess H. de Moltke-Huitfeldt, alleging that they are two of three residuary legatees under the last will of Benjamin H. Hutton, deceased; that the testator, in the first clause of his will, provided "that there shall always be three executors qualified to act as such." Also, providing in these words:

"I authorize and empower and request my said executors, and from time to time all other persons who may have been appointed and qualified as such, whenever the number of them so qualified shall have been reduced, by death, resignation, removal or other incapacity, to [less than ?] three, to join with the persons of full age beneficially interested in my estate, and competent to act in appointing, by deed, other persons, not exceeding three at any one time, to be executors and trustees of this my will."

The petition shows that two of the executors named in said will died before the testator; that two of them refused to serve; that two of them qualified; that another was nominated as such, but, by a codicil, such nomination was revoked; and that after the death of the testator the one whose nomination was so revoked was, on the application of the other executors who had qualified, appointed as an executor of said will by the supreme court of the state of New York; that since the last-named event one of the two first qualified has died.

The petition then alleges that the estate of the testator consists of lands of great value, improved and unimproved, and of personal property and various securities, and that the petitioners have a large interest therein ; and that they are anxious that a sufficient number of executors should be qualified, so that the estate may be properly administered.

The prayer of the petition is " that the quota of executors may be filled in compliance with the terms of said will," and that W. R. H. may be appointed as one of said executors.

This proceeding is most earnestly resisted, both by the surviving executors and by the brother of the petitioners :

First, because a bill having been filed by the executors to obtain a construction of the will, under which the very question can be raised, it is premature to raise it at this time by petition. It is said that this question, with all others, should await the final hearing. I think this objection is quite unsubstantial. There is nothing against this method in the practice of the court. There is no reason why these petitioners, who are defendants in the original suit, should abide the pleasure of the complainants in securing or guarding their rights. If they are entitled to have the provisions of the will enforced, they are so entitled with reasonable promptness.

Second, that a bill having been filed and answers thereto, this proceeding is irregular, and cannot be entertained. *Hill on Trustees 194*, is cited in support of this. To the contrary is *Perry on Trusts* § *282*. " Courts of equity having jurisdiction to remove and appoint trustees, may be applied to either by bill or petition ; or, if a bill is already pending for administration of the estate, application may be made in those proceedings by motion." To this latter rule I can see no objection, whether we consider our practice or the reason of it.

Third, it is said this court has no power to appoint an executor, that being a testamentary act; and that all the court has the power to do is to appoint an administrator *cum testamento annexo*, when the circumstances call for the action of the court. *Leddel* v. *Starr, 4 C. E. Gr. 159*, fully supports this view. But this is not the exact presentation of the case, as made by

the will and the allegations of the petition, although the prayer of the petitioner is "that the quota of executors may be filled," and that this court would appoint the person named.

Can the court, being called upon, compel the party otherwise refusing to act, to join in appointing by deed other persons? is the real question. The court does not appoint. The will imposes the duty of making the appointment upon the executors and the beneficiaries of the age of twenty-one years. The appointment thus being made by their joint act, the court will issue letters testamentary. The emergency contemplated by the will arising, can the court direct the party refusing to join in making the appointment? I think so, most clearly. To my understanding there is not any doubt of this power.

Fourth. It is urged that there is no necessity for this application, or the interference of the court, since the two surviving executors are capable men in all respects, and are anxious to discharge all the duties imposed by the will and the law. The necessity which should control the court is, in the case, presented by the petition, and does not depend in the least upon the ability or inability of the surviving executors. The necessity is in the requirements of the will, and the vacancy occasioned by death. It is quite as much the duty of the court to enforce the provisions of the will in this regard as in any other. Nor can it be said that the presentation of this petition, or the favorable action of the court, looks in the least towards an impeachment of the surviving executors.

Fifth. But it is again urged that the necessity does not exist, and cannot arise, because the testator, in the fifteenth clause of his will, authorized and empowered his executors who should qualify, and the survivors and last survivor of them, to sell, assign, demise, grant and convey, at public or private sale, for such terms or estates, and on such terms as should, in their judgment, be most for the benefit of his estate, all property, estate and interest, real as well as personal, in action as well as in possession. This makes it evident that the testator did not intend to allow any failure of his will in case the clause first above quoted should not literally be observed. The said fifteenth

section further authorizes the survivors or survivor to adjust, compromise, sell, assign, agree about, refer to arbitration, and, upon award made, perform the same, to dispose of all accounts, debts, claims and demands, whether the same relate to real or personal property, and to improve any part of his estate, and to pay all assessments thereon. These things, so particularly enumerated by the testator, are what even the last survivor was authorized to do. But every one will perceive that these, however important, are not by far all the important duties devolving upon executors and trustees in the settlement, disposition and distribution of such a large estate. And, taking the two provisions of the will—the first above referred to and the fifteenth, and considering the care exhibited in the first, and the particularity of detail in the latter—the specification or enumeration of things committed to the survivors or survivor—it is most forcibly suggested that the responsibilities and powers of such survivors or survivor are confined to the things specified or enumerated, and that the necessity for observing the requirements of the first section becomes all the more manifest.

Sixth. Very much was said about the legal force of the words "authorize and empower and request," those resisting this application expressing the conviction that the use of them by the testator imposed no obligation. I think these words come within the exception named by Chancellor Green in *Van Duyne* v. *Van Duyne, 1 McCart. 397.* The words we are contemplating are intended to be annexed, and to pertain to the management of the estate. See *S. C. on appeal, 2 McCart. 503; Hawkins on Wills 159, 160; Foose* v. *Whitmore, 82 N. Y. 405, 407.* In this case the precise distinction made by Chancellor Green is emphasized. *2 Pom. Eq. Jur.* § *1014 &c.* They are obligatory.

And, seventh, it is claimed that the court cannot proceed because one of the beneficiaries has not had notice of this application. I have no doubt but that every one of age is entitled to notice, so that he may be heard upon the *motion to appoint.* The will directing the appointment to be made, and the court undertaking to compel the appointment according to the directions of

Hutton *v.* Hutton.

the will, he has a right to a voice in selecting the person whom the court shall say must be appointed.

Therefore, I will advise an order in accordance with these views. In that order, I will name a time and place when the parties interested can name persons from whom one can be selected to be appointed according to the will, and will also name what notice shall be given to the legatee who has not been brought into court. Under the circumstances, the court would prefer to make a selection from amongst residents of New Jersey.