## THEODORE CLARK

### *v.*

### HARRY MOREHOUS et al.

[Submitted June 15th, 1908. Decided July 1st. 1908.]

1. A gift to a class is a gift of an aggregate sum to a body of persons, uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or some other definite proportions, the share of each being dependent for its amount upon the actual number.

2. Where a particular estate is created, with remainder to the children of a designated person, the gift by way of remainder will go not only to the objects living at the death of testator, but to all who may subsequently come into existence before the period of distribution.

3. Courts will make every intendment in favor of a vested, rather than a contingent, estate.

4. Testator created a life estate in favor of his daughter in bonds, mortgages, and bank stock. "and at her decease I devise the same to her children same manner as if she died seized of it in her own right, to share and share alike."—*Held,* that the gift was to a class, consisting of the life tenant's children, which class would remain open until the period of distribution, at the life tenant's death. to admit new members, and a child of the life tenant living at testator's death took a vested estate in remainder which could be subjected to the payment of his debts.

5. Where a creditor seeks to establish a lien against the interest of his debtor, deceased, vested under a will, and assigned by the debtor to him as security. no relief can be given him by reason of a judgment recovered by him against the personal representative of the debtor in another state, the only effect of such judgment being to prove conclusively the existence of a debt, which was unpaid.

On final hearing on bill, answer, replication and proofs.

Evi A. Martin died in the latter part of 1889. He left a will which was executed on July.9th, 1889, and was admitted to probate on November 12th, 1889. By the third paragraph of his will he created in favor of his daughter, Ann E. Morehous, a life estate in several bonds and mortgages and in some bank stock,

"to have and collect the annual interest and dividends on all the bonds and mortgages and bank stock bequeathed in paragraph three during her natural life, and at her decease I devise the same to her children same manner as if she died seized of it in her own right, to share and share alike, and I·do order and direct that the said Ann E. Morehous shall collect and receive the interest and dividends on the bonds and mortgages and bank stock in this paragraph described for her own use and benefit and give receipt and quittance for the same."

Ann Morehous, the life tenant, is still living. She became the mother of four children, Martin L. Morehous, Annie Price, Ella Drew and Clara Demarest, all of whom were living at the date of execution of Evi A. Martin's will, and also at the time of his death. Martin L. Morehous died on August 20th, 1901, leaving three children, Floyd S., Harry W. and Helen G., all minors and all now living. On September 15th, 1897, Martin L. Morehous made an assignment to the complainant, Theodore Clark, of all his right, title and interest in the bonds and mortgages and bank stock mentioned in the third paragraph of his grand-

father's will, and in which his mother has a life estate, to secure the payment of a promissory note given by him to the complainant.

The complainant recovered a judgment in the supreme court of New York on this note on June 5th, 1907, against the personal representative of Martin L. Morehous.

The bill is filed for the purpose of establishing a lien in favor of the complainant, the prayer being in the following words:

"That the said assignment made, executed and delivered by the said Martin L. Morehous to your orator. and all the right, title and interest of the said Martin L. Morehous and of his legal representatives and next of kin in and to the said bonds and mortgages and in and to the said bank stock assigned to your orator may be decreed to be absolute in your orator and in his legal representatives and the amounts due thereon so far as the interest of the said Martin L. Morehous extended and so far as the interest of his legal representatives and next of kin extend in and to said bonds and mortgages and in and to said bank stock may be decreed to be paid to your orator upon the death of the said Ann E. Morehous and may be applied to the payment and satisfaction of the principal and interest of said judgment so as aforesaid recovered by your orator against the estate of the said Martin L. Morehous, deceased."

No objection has been made to the form or substance of this prayer, and I shall treat the case as one instituted for the purpose of having this court declare that the complainant has a specific lien upon the interest of the said Martin L. Morehous in the bonds and mortgages and bank stock mentioned, for the purpose of securing the payment of the said indebtedness.

*Mr. Henry C. Hunt,* for the complainant.

*Mr. George M. Shipman,* for the defendants.

HOWELL, V. C.

Whether the complainant can have a lien on the property which Martin L. Morehous transferred or attempted to transfer to him, or not, depends upon the construction of that portion of the will of Evi A. Martin which deals with the property in question. The gift upon the death of Ann Morehous is to a class, "her children," and the devolution of the title depends upon the

peculiar rules of law relating to class gifts. These relate principally to the vesting of the title in a class and the opening of the class from time to time to admit new members. Judge O'Brien, *In re Russell, 168 N. Y. 169*, says: "A gift to a class has been defined by a recent decision of this court to be a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or some other definite proportions, the share of each being dependent for its amount upon the actual number," citing *In re Kimberly, 150 N. Y. 90;* see, also, *In re Brown, 154 N. Y. 313.* The definition is Mr. Jarman's. *Jarm. Wills 584.* Where a testator devises property to persons who are designated individually as by name or description, or where he devises property in severalty to a number of persons, the courts do not treat such devises as devises to a class, but hold that the devisees take distributively.

The difficulty in this case lies in determining precisely at what time the members of the class shall be ascertained, and in further determining with accuracy who constitute the class. Ordinarily speaking, the members of the class are determined at the time the instrument of gift takes effect, and this is ordinarily at the date of the death of the testator, yet there may be provisions in the will which will fix the membership of the class as of the date of the execution of the will or upon the happening of some event in the future.

In the case now before the court the solution of the question is embarrassed by the use after the devise of the words "same manner as if she died seized of it in her own right," it being claimed on the part of the complainant that the membership of the class was fixed at the date of the death of the testator, and by the defendants that the words just quoted indicate that it was the intention of the testator that the membership of the class should not be determined until the death of Ann Morehous.

It is very clear that the period of distribution must await the demise of Ann Morehous; there is a life estate interposed between the persons who shall eventually be found to be members of the class, and the property, and this life estate must fall in before the property can be distributed to anyone.

Mr. Jarman has formulated the rule applicable to the particular class of cases to which this class belongs, as follows:

"Where a particular estate or interest is carved out with a gift over to the children of the person taking that interest, or the children of any other persons, such gift will embrace not only the objects living at the death of the testator, but all who may subsequently come into existence before the period of distribution." *2 Jarm. Wills 704 (5th Am. ed.).*

The rule is stated by Mr. Williams as follows:

"It may be material in this place to observe, that upon an ordinary limitation by way of remainder to children, &c., in a class, all who are *in esse* at the time of the death of the testator take vested, and, consequently, transmissible interests immediately upon the testator's death; and all who come *in esse* before the particular estate ends and the limitation takes effect in possession, are to be let in, and take a vested interest as soon as they come *in esse*, and they and their representatives will take as if they had been *in esse* at the testator's death." *2 Wms. Ex. 351.*

Mr. Theobald states the rule as follows:

"In the case of a gift in remainder or after a trust to accumulate, all children born at the death of the testator and coming into *esse* before the death of the tenant for life, or the end of the period of accumulation, take a share to the exclusion of those born afterwards." *Theob. Wills 255 (5th ed.).*

There is another class of cases frequently met with which are dealt with analogously, and that is the class where the period of distribution is postponed until the attainment of a given age by the children. In that class of cases the gift will vest in those who are living at the death of the testator and who come into existence before the first child attains that age, *i. e.,* the period when the fund becomes distributable in respect of any one object or member of the class. *2 Jar. Wills 712.*

These rules so clearly expressed by the text-writers are borne out by the cases. In *Middleton* v. *Messenger, 5 Ves. Jr. 137 (1799),* the testator gave his wife a life estate with remainder to the children of his brothers and sisters. The master of the rolls held that all the children living at the death of the testator and those born afterwards before the death of the wife had vested

interests. All the early cases on the subject are collected by Mr. Sanders in a note to *Heathe* v. *Heathe, 2 Atk. 121.*

The same course was taken by the house of lords in *Odell* v. *Crone, 3 Dow. 61 (1815).* See *Holland* v. *Wood, 11 Eq. 91.*

The rule was followed in *Shattuck* v. *Stedman, 2 Pick. 468,* where Richardson, the testator, gave to his niece the interest of a thousand dollars during her life, and at her death directed that the principal sum should be equally divided among her children, and be payable to them when they respectively arrived at the age of twenty-one years. The niece had eight children, all of whom were living at the testator's decease. She had a son John who died before the life tenant, but after he had arrived at the age of twenty-one years. It was held that John took a vested legacy.

In the matter of *Evans Estate, 155 Pa. St. 646; 26 Atl. Rep. 739,* the rule is stated as above quoted from *Jarman on Wills.* There the testator bequeathed a sum in trust with directions to pay the income to his nephew during his lifetime, and at his death to pay the remainder to the heirs-at-law of the nephew. Under the authority of the rule which is there quoted at length it was held that the gift over vested immediately on the testator's death, subject to open and let in others coming into existence before the period of distribution. In *Doe* v. *Provost, 4 Johns. 61,* the facts were that the testator devised lands to his daughter C. "during the term of her life, and immediately after her death, unto and among all and every such child and children as the said C. shall have lawfully begotten at the time of her death, in fee-simple, equally to be divided between them share and share alike." It was held that the four children of the daughter C. who were living at the death of the testator took a vested remainder in fee, and that in case there had been any children born afterwards, the class would have opened for their benefit, and that the children of a daughter of C. who died in the lifetime of her mother were therefore entitled to the share of C., who was living at the death of the testator.

In *Tucker* v. *Bishop, 16 N. Y. 402,* the rule is laid down by Justice Paige, as follows: "Where a bequest is to a class of individuals in general terms as 'to the children of A' and no period is fixed for the distribution of the legacy, the time for distribu-

tion will be the death of the testator, and hence, only children born or begotten prior to and *in esse* at that time will be entitled to share in the distribution, but where the distribution is by the terms of the will to be made at some time subsequent to the death of the testator, the gift will embrace not only all children living at the death of the testator, but also all those who shall subsequently come into existence before the period of distribution, and if the bequest is a present bequest, the beneficiaries, who are *in esse* at the death of the testator, will take vested interests in the fund, but subject to open and let in after-born children who shall come into being and belong to the class at the time appointed for the distribution." *Thomas* v. *Thomas, 149 Mo. 426; 73 Am. St. Rep. 405.*

The following cases in New Jersey touch the question. *Den* v. *Manners, 20 N. J. Law (Spenc.) 142 (1843).* There a testator devised the profits of land to his son, but if the son died in the lifetime of his wife then the devise was to the son's children and their heirs and assigns. The son died, leaving a wife and eight children. His son Abraham died in his lifetime, leaving two children. It was held that Abraham had a vested estate in the lands which descended to his children and that they took their father's share. *Van Gieson* v. *Howard, 7 N. J. Eq. (3 Halst.) 462 (1849).* There the testator devised real estate to his widow for life and ordered it to be sold after her death and the proceeds to be equally divided among the children of his brothers and sisters. He had three brothers and one sister. One of the nieces died after the testator's death and in the lifetime of the widow. It was held that a portion of the estate was vested in her and that she had a devisable interest. In *Feit* v. *Vanatta, 21 N. J. Eq. (6 C. E. Gr.) 84 (1870),* Mary Feit bequeathed to her executors $700 in trust to pay the interest annually to her daughter Ann for life and after her decease to the children of Ann, share and share alike. At the date of the will Ann had one child, Mary, who afterwards married and had children. She died in the lifetime of her mother, leaving children surviving her. The mother died in 1866, leaving no descendants other than the children of Mary. The will provided that if no children of Ann should be living then the devised property was to fall into the residue of

the estate of the testatrix which she directed should be equally divided among her children. The chancellor states the rule as follows: "A gift of the interest of the residue to Ann for life and the principal to her children at her death gave a vested interest to such child of Ann as was living at the date of the will and the death of the testatrix. This was held by the court of errors and appeals in a will where the children were named, *Howell* v. *Green, 31 N. J. Law (2 Vr.) 570,* and he then quotes the paragraph from *Williams on Executors,* which is hereinabove copied. But while he stated the rule recording the authorities, he held that the facts were not within the rule.

In *Ward* v. *Tomkins, 30 N. J. Eq. (3 Stew.) 3 (1878),* the testator gave to the children of his son Daniel a part of his residuary estate, to be equally divided between them, as they should respectively come to the age of twenty-one years. At the time of making the will and of the testator's death, Daniel had two children, but before the elder came of age another child was born, and all three were living, and the eldest had attained his majority. It was held that each of the three children was entitled to an equal share, thus supporting the general result of the rule.

*Perrine* v. *Newell, 49 N. J. Eq. (4 Dick.) 57 (1891),* is here mentioned for the reason that it is an example of a gift to children who are named, and although they compose a class, to wit, the children of a son of the testator, they do not take under the rule which I have above cited, but distributively as persons who are specifically named. The devise there was to trustees in trust to pay C the rents and profits during his lifetime, and at the death of the life tenant he gave these lands to C's three children, B, N and T, naming them. It was held that they took a vested remainder after the trust estate and could mortgage their interest in the lands. See, also, *Adams* v. *Woolman, 50 N. J. Eq. (5 Dick.) 516 (1892).*

The defendants urge the application of the case of *Van Tilburgh* v. *Hollinshead, 14 N. J. Eq. (1 McCart.) 32,* but in my opinion the case does not apply. There the devise was to "such children of the devisee as shall survive him," and the chancellor carefully distinguishes (at *p. 35*) between that gift and a gift to a class. The same may be said about the case of *Slack* v.

*Bird,* 23 N. J. Eq. (8 C. E. Gr.) 238, and *Dutton* v. *Pugh,* 45 N. J. Eq. (18 Stew.) 426, in neither of which cases was the gift strictly to a class. *Teels* v. *Weise,* 47 N. J. Law (18 Vr.) 154, is likewise distinguishable for the reason that the devise there was to A for life, and at her death to her children "who may be living at the time of her decease."

I cannot regard the recent New York cases as authority, for the reason that they seem to be more or less affected by legislation. The case of *Gilliam* v. *Guaranty Trust Co.,* 186 N. Y. 127, cited for the defendants, has for its authority the case of *Pagel* v. *Melcher,* 156 N. Y. 399, which seems to have been decided upon its own peculiar set of circumstances. The former rule in New York was undoubtedly as it is given by the text-writers above mentioned. *Collin* v. *Collin,* 1 Barb. Ch. 630; *Jenkins* v. *Freyer,* 4 Paige Ch. 47. The rule was likewise declared by the court of errors and appeals so late as 1857. See *Tucker* v. *Bishop,* 16 N. Y. 402, cited herein.

Neither do I think that *Price* v. *Hall,* 5 Eq. 399; 37 L. J. Ch. (N. S.) 191, is an authority which applies to the facts in the present case; because there the remainder was manifestly contingent; it depended upon the fact whether William Hall left any children at his death, and so the whole gift was contingent. The cases of *Richardson* v. *Wheatland,* 7 Met. 169, and *Moore* v. *Weaver,* 16 Gray 307, also cited on behalf of defendants, appear to rest upon a construction of the provisions of the Massachusetts revised statutes.

The next question is whether there is anything in the context of this will which takes the case out of the rule of law above mentioned. It is claimed, on behalf of the answering defendants, that the words "same manner as if she died seized of it in her own right" have the effect of creating a contingent remainder in such children of Ann Morehous as may be living at the date of her death, and that therefore there was no vesting of the estate on the death of the testator, and that therefore Martin L. Morehous took no interest in the property in question. It is a well-known rule that courts will make every intendment in favor of vesting the estate. Omitting these words, there would be no doubt but that the devise would have vested at the death of the

testator. The will would then read, "and at her decease I devise the same to her children  *  *  *  to share and share alike." And there would be no doubt about the fixed right of Martin Morehous in the property at and from the death of the testator. What is the effect of the omitted words? They do not seem to me to have been inserted by the testator for the purpose of denoting or ascertaining the persons who should take upon the death of Ann Morehous; that he had already done by a designation of the class of persons who should succeed to the estate; but rather for the purpose of denoting the quality of the estate which the class, to wit, "her children" should take; that is to say, what the testator had in mind was that all the children of Ann Morehous, who were living at his death and who might come into being before her death, should share equally in the estate mentioned in that paragraph of her will, and that instead of taking a life estate, as the mother had, or some less, or qualified interest, they should take an absolute and indefeasible estate by way of succession from her.

It thus appears that the gift in the will of Evi A. Martin to the children of Ann Morehous is a gift to a class, and that by the settled rules governing such gifts, Martin L. Morehous, at the death of the testator, took a vested estate in remainder in the property in question; that there can be no distribution of the property until the death of Ann Morehous, the life tenant, and that therefore the class of legatees must remain open until that time to admit new members, if any there may be, and that at the time of the distribution the class will include all children of Ann Morehous who were alive at the death of the testator and who subsequently became members of the class before the death of the life tenant.

No relief can be accorded to the complainant by reason of the judgment which he recovered against the personal representative of Morehous. It was recovered in a foreign state and is no lien upon any property which has its *situs* here; its sole effect is to prove conclusively that a debt existed from Martin L. Morehous to the complainant which has never been paid; that portion of the prayer of the complainant's bill which seeks relief with respect to the judgment must be disregarded.

I therefore conclude that Martin L. Morehous, at the time of his death, was seized of a vested interest in the property mentioned in the third paragraph of the will of Evi A. Martin, and that so far as the bill seeks to charge the property with a lien in favor of the complainant by virtue of the assignment of September 15th, 1897, the prayer should be granted.