GEORGE B. BYE et al., executors, &c.,

*v.*

MARTHA H. STRASBOURG et al.

[Decided February 6th, 1928.]

Where a testator leaves all of his property to executors in trust, with directions that seventy per cent. of the income is to be paid to a named beneficiary, after whose death or remarriage the entire estate is to be distributed among cousins, the remainder of the income from the estate will not be, held to be intestate property, but a part of the *corpus* of the estate and distributable among the cousins when the trust is terminated.

On appeal from a decree in chancery advised by Vice-Chancellor Ingersoll.

*Messrs. Bourgeois & Coulomb,* for the appellant, Josephine Shoemaker.

*Messrs. Cole & Cole,* for the complainants-respondents.

*Messrs. Endicott & Endicott,* for the defendant-respondent, Martha H. Strasbourg.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this cause was filed by the executors of Lorenzo Bye for the construction of the latter's will. By that instrument the testator gave all of his estate, real and personal, to his executors in trust. He then provided as follows:

"Third. I give, devise and bequeath to my faithful and loyal friend, Martha H. Strasbourg, seventy per cent. [70%] annually of the net income of the mortgages which I hold at the time of my decease, and she shall also enjoy the use of my present home free of any

rental, until such time as she marry, with the provision that from and after her marriage or death, as the case may be, I direct that my estate shall go to my cousins" [naming them], "to be divided equally among them, share and share alike."

The only question presented for determination is whether the remaining thirty per cent. of the net income of the testator's mortgages, after the payment of the seventy per cent. to his friend, Martha H. Strasbourg, was disposed of by his will, or whether he died intestate as to it. His will contained no residuary clause, and there was no *specific* disposition of this surplus income. The decedent's sister, Josephine Shoemaker, claims that her brother died intestate as to this thirty per cent., and that she is entitled to receive it, as his only next of kin, until the time for the distribution of the *corpus* of the estate shall arrive. The vice-chancellor on the hearing overruled the claim of the sister, and held that these moneys became part of the *corpus* of the estate, and distributable, when the trust terminated, among the beneficiaries named by the testator. From the decree based upon this conclusion the present appeal is taken.

We concur in the conclusion reached by the learned vice-chancellor. In the case of *Sanford* v. *Blake, 45 N. J. Eq. 247,* where a somewhat similar situation existed, we held that, although there was no specific direction for the accumulation of income to increase the *corpus* of the fund, such income, when not otherwise disposed of, would fall into the residuary estate and be distributable as a part of the *corpus* at the termination of the trust among those who were entitled under the will to share in the *corpus*. In other words, that the fact of the failure of the testator to make any specific disposition thereof would not produce an intestacy. We consider the principle thus declared to be applicable to the situation which the present case discloses. The testator's purpose, as indicated in his will, was that his whole estate should go to the named legatees at the termination of the trust, except that which was to be held by the trustees for the benefit of Mrs. Strasbourg, and that this thirty per cent. should be retained by the executors until the time for distribution of the *corpus* should arrive, and then distributed

with the rest of the *corpus* among the legatees named by him in his will.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PAR-KER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HET-FIELD, DEAR, JJ. 15.

*For reversal*—None.