Evelyn Y. Clark, individually and as executrix of the estate of John M. Clark, Jr., and Mary Grace Clark, an infant, by Evelyn Y. Clark, her next friend, complainants,

*v.*

Union County Trust Company, a corporation of New Jersey, individually and as executor and trustee under the last will and testament of John M. Clark, deceased, Blanche Marie Chidsey and Glen Alan Chidsey, her husband, Virginia May Loeser, widow, and Elizabeth K. Clark, widow, defendants.

[Decided April 11th, 1940.]

*Mr. Francis A. Gordon,* for the complainants.

*Messrs. Whittemore & McLean,* for the defendant Union County Trust Company.

*Mr. Donald Bourne,* for the defendants Blanche Marie Chidsey, Glen Alan Chidsey and Virginia May Loeser.

*Messrs. Parrot & Gidley,* for the defendant Elizabeth K. Clark.

*Mr. J. Albert Homan,* for Edward L. Whelan, clerk, guardian *ad litem* of infant defendants.

STEIN, V. C.

The bill of complaint seeks construction of testator's will and a declaration of the rights and interests of the parties thereunder.

John M. Clark died March 28th, 1935, leaving a will and codicil in and by which he appointed the Union County Trust Company executor and trustee.

In the fourth paragraph of the will the testator devised property number 85 Broad street, Elizabeth, New Jersey, to the Union County Trust Company of Elizabeth, then under lease to the Roessler Furniture Company, in trust for the following uses and purposes: To collect the rental and distribute the same in the following manner:

"To pay from the said income the sum of SEVENTY-FIVE DOLLARS ($75) per month to DELOS C. HUYCK and MARY M. HUYCK, so long as they both shall live, and, upon the death of either of them, to pay the sum of FIFTY DOLLARS ($50) per month to the survivor of them so long as he or she shall live; the balance of the said income during the lifetime of the said DELOS C. HUYCK and MARY M. HUYCK, so long as they or either of them shall live as herein provided, and at their death, the entire income to be distributed in equal shares at regular quarterly intervals to my children who may survive me, and, upon the death of any of my said children, to pay the said income to the survivor or survivors of them; and, if any of my children should predecease me or die before the termination of the trust hereby created leaving issue them surviving, to pay the share of the said income which the parent would have received to his or her child or children then surviving, in equal shares; and upon the termination of the said lease with the Roessler Furniture Company, by the expiration of the term demised or by forfeiture or otherwise, I direct that the said premises shall be sold *or leased* as in the *judgment* of my said *trustee* may be desirable and most for the interest of the beneficiaries of the trust hereby created; and to enable my said Trustee to carry out the true intent and purpose of this provision of my last Will and Testament, I hereby give unto my said Trustee full power to sell and convey, mortgage or *lease* the aforesaid premises for such amount and on *such terms* as in its judgment may be proper, and upon the sale of the said premises, I hereby direct my said trustee to deliver the proceeds thereof to my children then surviving, in equal shares, provided however that if any of my said children die leaving issue them surviving, then and in that event, the issue so surviving shall take

the share of the proceeds of the sale of the said premises that the parent would have taken if then living, and I hereby direct that said income shall be paid to the persons entitled to receive the same from the date of my death and the first payment shall be made in not more than three months from such date, except that the payments to DELOS C. HUYCK and MARY C. HUYCK shall be made monthly from and after the date of my death."

"*Seventh:* All the rest residue and remainder of my estate, whatsoever and wheresoever situate, I give, devise and bequeath to the Union County Trust Company of Elizabeth, N. J., in trust nevertheless for the following uses and purposes: To hold and manage the same for a period of two years from the date of my death, provided my daughter, VIRGINIA MAY LOESER, shall have by that time attained the age of thirty years, and, if she should not have attained the age of thirty years within two years after the date of my death, then and in that event, the trust herein created shall continue until my said daughter, VIRGINIA MAY LOESER, shall have attained the age of thirty years, and I hereby authorize and direct my said Trustee to pay the income on the said residue of my estate from the date of my death in equal shares at regular quarterly intervals to my children then surviving, provided however, that if any of my said children shall predecease me or die before the termination of the trust herein created leaving a child or children them surviving, then and in that event, the child or children so surviving shall take the share of the trust herein created, both principal and income, that the parent would have taken if then living; and, upon the termination of the trust herein created, I hereby give, devise and bequeath the *corpus* of the said trust or the principal of the said residue of my estate to my child or children then surviving in equal shares, the child or children of any of my children who may predecease me or die before the termination of the trust herein created to receive the portion of the said *corpus* of the residue of my estate which the parent would have received if then living, to be equally divided among them." (Italics mine.)

Testator left surviving him three children, Blanche Marie Chidsey, Virginia May Loeser and John M. Clark, Jr. John M. Clark, Jr., died May 26th, 1938, and the complainant Evelyn Y. Clark is his widow and the executrix and sole beneficiary under his will. Mary Grace Clark is an infant and the adopted child of the said John M. Clark, Jr., and Evelyn Y. Clark. Delos C. Huyck and Mary M. Huyck predeceased testator.

Complainant Evelyn Y. Clark contends that the trust set up by the fourth paragraph of the testator's will is invalid for the reason that its provisions contravene the rule against perpetuities, and that therefore upon the death of the testator title vested in his three children by virtue of the seventh para-

graph of the will, with enjoyment thereof postponed until Virginia May Loeser reached the age of thirty years; that Virginia May Loeser having reached the age of thirty years on October 22d, 1936, testator's three children were then entitled to immediate possession; that upon the death of her husband, John M. Clark, Jr. (May 26th, 1938), she became seized of his interest as the sole beneficiary under his will. In these contentions the surviving children join.

The trustee and the guardian *ad litem* of the infant defendants maintain that the trust is valid; that the estate in remainder vested upon the death of the testator in his children with enjoyment postponed until the premises are sold; that as to each of the remaindermen if he or she dies before the arrival of the distribution period, leaving issue, the interest theretofore vested in him or her becomes divested and vests in such issue.

"The rule against perpetuities is in force in this state as a part of the common law. * * * That rule requires that all future interests, legal or equitable, in realty (except dower and curtesy and rights of entry for conditions broken) or personalty, which are contingent and indestructible, must be such as necessarily to vest, if at all, within the term measured by the life or lives of a person or persons in being at the time of the creation of the interest and twenty-one years thereafter; otherwise they are invalid and void." *McGill* v. *Trust Company of New Jersey, 94 N. J. Eq. 657; 121 Atl. Rep. 760; affirmed, 96 N. J. Eq. 331; 125 Atl. Rep. 108.* See, also, *Camden Safe Deposit, &c., Co.* v. *Scott, 121 N. J. Eq. 366; 189 Atl. Rep. 653.* The perpetuity rule is only applicable to the vesting of estates, not to their enjoyment. If the estate vests within the time limited by the rule then it has no application.

At the time of the execution of the will under consideration the lease with the Roessler Furniture Company mentioned in the fourth paragraph of the will was in effect. Thereafter and prior to the execution of the codicil on January 13th, 1932, the lease terminated because of the bankruptcy of the lessee. After the execution by the testator of the codicil the testator in his lifetime entered into another lease of the prem-

ises on March 22d, 1932, with Roessler-Sterling, Inc., for a term of fifteen years commencing May 1st, 1932.

The property which is the subject-matter of the trust is located in the principal business centre of Elizabeth. The Roessler lease mentioned in the will produced a net income of $10,000 per annum for the first five years; $12,000 per annum for the next fifteen years and $15,000 per annum for the remainder of the term. The net annual rental under the lease with Roessler-Sterling, Inc., is based upon a percentage of the gross sales of said company but in no case less than $10,000 for the first year; $12,000 per year for the next five years and $14,000 per year for the remainder of the term.

The fourth paragraph of the will provides that the trustee pay from the rental thus derived from said property $75 per month to Delos C. Huyck and Mary M. Huyck during their joint lives and upon the death of either $50 per month to the survivor. The balance of the income from the trust during the life of the Huycks and the whole income after their death was to be paid to testator's children if living and to their issue if dead until the termination of the Roessler Furniture Corporation lease. The will then provides "* * * upon the termination of the said lease with the Roessler Furniture Company, by the expiration of the term demised or by forfeiture or otherwise, I direct that the said premises shall be *sold* or *leased* as in the judgment of my said trustee may be desirable and most for the interest of the beneficiaries of the trust hereby created * * *." (Italics mine.) There is here no specific gift of the remainder. The only gift of it is embodied in the direction to sell and distribute the proceeds as provided in the will "upon the sale of the said premises," at which time the trustee is directed "to deliver the proceeds thereof to my children then surviving, in equal shares, provided however that if any of my said children die leaving issue them surviving, then and in that event, the issue so surviving shall take the share * * * the parent would have taken if then living * * *."

Such a bequest is contingent and does not vest until the time for distribution arrives. The reason for this is that the direction to divide being future the gift also is future.

*Cranstoun* v. *Westendorf, 91 N. J. Eq. 34; 108 Atl. Rep. 776.*

"It is a well settled rule of construction, that a gift of a legacy 'at,' or 'when,' or 'after' a given event occurs, vests only upon the happening of the event. * * * Where the time is annexed, not to the payment merely, but to the gift itself, the legacy does not vest till the period arrives." *Howell, Ex'r,* v. *Green, Adm'r, 31 N. J. Law 570.* Neither of the leases have any bearing upon the time when the interests are to vest. This occurs under the will when the property is sold. The time of sale is not fixed by the will but left to the discretion of the trustee. It may happen within the time limited by the rule, and on the other hand it may not, as the trustee may see fit to enter into a long term lease extending beyond the lives in being and twenty-one years—a time too remote. "It is not enough that the contingency *may* happen within the time limited by the rule; it must *necessarily* happen, if it happen at all, within that time. If there be a possibility that it may happen after the time limited by the rule, the gift is void." *McGill* v. *Trust Company of New Jersey, supra.*

The will does not permit of a construction such as in *Post* v. *Herbert's Executors, 27 N. J. Eq. 540,* where the time of payment was postponed for the convenience of the estate or as in *Redmond* v. *Gummere, 94 N. J. Eq. 216; 119 Atl. Rep. 631,* where the time of payment was postponed for the purpose of letting in a life interest.

Where a gift of an estate in remainder is void it does not necessarily follow that the gift of the prior estate is also void. Prior gifts which are only incidental to the effectuation of a main purpose which is void, fall with the main gift. *McGill* v. *Trust Company of New Jersey, supra; Graves* v. *Graves, 94 N. J. Eq. 268; 120 Atl. Rep. 420; Hewitt* v. *Green, 77 N. J. Eq. 345; 77 Atl. Rep. 25.* It was the testator's desire to give the *corpus* to those of his children who shall be surviving at the time of the sale, and also to such grandchildren, if any, as may be at that time living, after the decease of their parent. The disposition of the income is simply along the same lines; and it will be noted that these provisions do not

necessarily comprise a complete disposition of that income. The income is to be paid to the testator's children and the survivor and survivors of them in equal shares, but if any children die leaving a child or children, the latter are to take the share which the parent would have taken. But suppose testator's children and their children all die before the sale—there is no disposition provided for the income in such event. I am of the opinion therefore, that in this instance the gift of the prior estates was simply incidental to the gift of the *corpus* or remainder, and hence that the entire trust would fail.

The property which is the subject-matter of the trust became at testator's death a part of his residuary estate and passed by the seventh clause of the will to the trustee. Under this clause of the will the residuary estate is given to the trustee for a period of two years after testator's death and until Virginia May Loeser attains the age of thirty years. The gift of the residue is to take place "upon the termination of the trust herein created." Testator died March 28th, 1935; Virginia May Loeser attained thirty years of age on October 22d, 1936. On March 28th, 1937—two years after testator's death—the *corpus* vested in testator's three children who were then still living.

The interest or share of John M. Clark, Jr., being vested in him at the time of his death passed to his wife, Evelyn Y. Clark, as sole beneficiary under his will.

In view of the conclusions reached a determination of the other questions raised by the pleadings becomes unnecessary.

Decree will be advised in accordance with the foregoing conclusions.