Edward Spaeth by his will gave the residue of his estate to his executors in trust and directed that from the income thereof (and, if necessary, the principal), the sum of $5,000 be paid to his wife, Stella Spaeth, annually during her life and a like annual sum be paid to his daughter, Elizabeth Louisa Spaeth, the complainant (now Elizabeth S. Schumacher). He appointed his wife trustee to receive the income given to Elizabeth and to use it for her support and maintenance. In the event that his wife predeceased his daughter he authorized his executors to increase the annual sum to be paid to his daughter to $10,000.
By a codicil, the testator directed his executors to pay to his wife during her life the entire income from his estate with the exception that the provisions made in his will for his daughter shall remain as therein provided.
Upon the death of his wife and daughter he provided as follows:
"Tenth: Upon the death of my wife and daughter, I direct my executors to divide the balance of my estate remaining in their hands equally among the daughters of my brothers and sisters, giving to the *Page 58 
child or children of any such deceased daughter the share or part to which the parent would have been entitled under this provision, if living; the share or portion which would have been given to the parent to be divided among the children of the deceased daughter (if more than one) in equal parts.
"Eleventh: In case, however, my daughter, Elizabeth Louisa Spaeth, should contract marriage and have a child or children born to her, then the residue, which I direct in the Tenth Paragraph of this my will to be divided by my executors among the daughters of my brothers and sisters, I direct to be divided by my executors into two equal parts one part to be given to the daughters of my brothers and sisters in shares as provided in said Tenth Paragraph, and one part to the child or children of my said daughter."
The testator had two sisters, Amelia Spaeth Stein and Dora Spaeth Schrick, and two brothers, Augustus F. Spaeth and Albert Spaeth.
Augustus F. Spaeth predeceased testator, leaving two daughters, Florence Spaeth Dawson, and J. Belle Spaeth. Florence Spaeth Dawson has one child, Cornelia Mary Dawson. J. Belle Spaeth is unmarried.
Amelia Spaeth Stein survived the testator but has since died leaving three daughters, Lillie L. Stein, Jennie Stein Billington and Gertrude Stein Kirk. Lillie L. Stein is unmarried. Jennie Stein Billington has two children, E. Louis Billington and Stephen H. Billington, Jr. Gertrude Stein Kirk has two natural born children, Edward Albert Kirk and Norman Kirk, and two adopted children, Ruth Kirk Boise and Nancy Kirk Reardon.
Dora Spaeth Schrick predeceased the testator leaving three daughters, Clara Schrick, Emma L. Schrick and Minnie Schrick Ward. Clara Schrick is unmarried. Emma L. Schrick survived the testator and has since died testate. Clara Schrick is the executrix of her will. Minnie Schrick Ward has three children, Arthur B. Ward, Jr., Norman S. Ward and Milton C. Ward.
Albert Spaeth survived testator but has since died without leaving issue. He never married.
Testator's wife and daughter survived him. His wife died on October 19th, 1938, testate. The defendant City Bank Farmers Trust Company is executor of her will. Testator's daughter is married and has no children. *Page 59 
Complainant, Elizabeth S. Schumacher, by this bill of complaint seeks a declaration of her rights under testator's will. She contends that the provisions of the tenth paragraph of the will contravene the rule against perpetuities; that by reason thereof testator died intestate as to the remainder of his estate; that because of the provisions of the eleventh paragraph of the will one-half of such remainder is presently distributable. She further contends that the remaining one-half is likewise presently distributable inasmuch as the possibility of her having children is extinct because of her physical inability to bear children.
The defendant Howard Savings Institution, substituted trustee under testator's will, by its counter-claim prays instruction of the court.
Briefly, the questions presented for determination by the bill of complaint, the answers of the several defendants and the counter-claim filed by the trustee for instructions are: (1) Do the provisions of the tenth paragraph of the will contravene the rule against perpetuities? (2) Is the trustee to pay the complainant $5,000 per year or $10,000 per year? (3) What disposition is to be made of the surplus income? (4) Should a trustee be appointed to receive the payment of complainant's income in the place and stead of her deceased mother? (5) What disposition is to be made of the share of Emma L. Schrick now deceased? (6) What are the rights of the adopted children of Gertrude Stein Kirk in the event of her death before the period of distribution?
 I
This question must be answered in the negative. The rule against perpetuities requires that all future estates, legal or equitable, in realty (except dower and curtesy and rights of entry for conditions broken) or personalty which are contingent and indestructible, must be such as necessarily to vest, if at all, within the term measured by the life or lives of a person or persons in being at the time of the creation of the interest and twenty-one years thereafter; otherwise they are invalid and void. The perpetuity rule is only applicable *Page 60 
to the vesting of estates not to their enjoyment. If the estate vests within the time limited by the rule then it has no application. Clark v. Union County Trust Co., 127 N.J. Eq. 221; 12 Atl. Rep. 2d 365 (and cases cited).
Ordinarily a gift in future language, without more, means a gift to take effect in future, but if the subject of the gift is a remainder interest and the future event is the termination of a prior life estate, and the donee of the remainder is a person or a class of persons living at testator's death the donee will take a vested interest at testator's death. Sadler v. Bergstrom,113 N.J. Eq. 567; 168 Atl. Rep. 50. And such a gift will embrace not only the members of the class living at testator's death but all who may subsequently come into existence before the period of distribution. Clark v. Morehous, 74 N.J. Eq. 658;70 Atl. Rep. 307.
The gift in the tenth paragraph of the will to the daughters of testator's brothers and sisters, upon the death of the life beneficiaries, is a class gift. Clark v. Morehous, supra. It is a gift of a remainder interest after the termination of the life estate in testator's wife and daughter. Members of the class were in esse at testator's death. As to them their interest vested upon testator's death subject to be divested upon their death prior to the period of distribution having a child or children (Redmond v. Gummere, 94 N.J. Eq. 216;119 Atl. Rep. 631), and subject to be opened to let in those who come into existence before the particular estate ends. And also subject further to be diminished by one-half upon the happening of the contingency mentioned in the eleventh paragraph.
Complainant's contention that the provision of the tenth paragraph of the will violates the rule against perpetuities is two fold: (1) that it was testator's intention that "every" daughter of his brothers and sisters was to share whether inesse at his death or born during the lives of the life beneficiaries or thereafter, so that the possibility of a daughter being born after the time limited by the rule is present, and (2) that testator intended the children of such daughters to be the donees of the remainder because of the provision in the will that the share of a deceased daughter is to go to her *Page 61 
children and hence the vesting in this class is even more remote.
As to the first contention complainant overlooks the rule that the class closes when the period of distribution arrives, that period (distribution) is fixed by the terms of the will upon the death of testator's wife and daughter, and any daughters born to testator's brothers and sisters after that time are excluded. The second contention is without merit. The gift over to the children of the daughters is merely substitutional. They take only in the event of the death of their parents prior to distribution.
Whether complainant is physically able to bear children is immaterial in view of the foregoing.
 II
The eighth paragraph of testator's will provides:
"* * * I authorize and direct my executors and the survivor of them to pay to my daughter Elizabeth Louisa Spaeth, annually in equal monthly installments, the sum of Five Thousand (5,000) Dollars; but I expressly order and direct and my will is, that my said executors and the survivor of them, pay that annual sum and in monthly installments as aforesaid, to Stella Spaeth, her mother, whom I hereby appoint her trustee to receive that annual sum, and to use, expend, disburse and pay out the same from time to time for the fully ample and comfortable support and maintenance of my said daughter, Elizabeth at all times having regard for her needs, and necessities, and I especially direct that she use and observe the utmost care and discretion in the expenditure of that annual sum, for her daughter, and in case of the death of my wife before the death of my daughter, then I authorize my executors to increase the sum to be paid to my daughter annually to Ten Thousand (10,000) Dollars."
To authorize, is to empower, to give a right to act, to clothe with authority. 6 C.J. 865. It has been held to be obligatory.Hutton v. Hutton, 41 N.J. Eq. 267. The word has different meanings dependent upon the connection and circumstances of its use. It is not difficult to ascertain testator's intention from the will. He desired that his daughter be comfortably supported. During the lifetime of his wife he fixed the amount to be paid his daughter at $5,000 annually, *Page 62 
and although he charged his wife as trustee to "use and observe the utmost care and discretion in the expenditure of that annual sum" which he thought was sufficient during the lifetime of his wife, it appears that he intended that the sum to be paid to his daughter annually after the death of his wife should be increased to $10,000, and the trustee is so instructed.
 III
Since the death of testator's wife there is a surplus of income from his estate. There is in the will no specific disposition of this surplus income. The defendant City Bank Farmers Trust Company as executor of the estate of testator's wife contends that the decedent died intestate as to such surplus income.
In the seventh paragraph of testator's will he devised the remainder of his estate to his executors in trust, and he ordered and directed his "said executors to invest the moneys received by them from the sale and disposition of personal and real estate in interest bearing securities of the character hereinafter described, and to keep the same so invested, together with all the interest and income which may be received therefrom." (Italics mine.)
Under these provisions of the will the executors are to accumulate the surplus income during the continuance of the trust and to pay it over with the corpus upon the termination of the trust. The fact that the codicil increased the amount of income to be paid to his wife from $5,000 annually to the entire income did not nullify this direction to accumulate. In the case ofBye v. Strasbourg, 102 N.J. Eq. 300; 140 Atl. Rep. 273, the testator left all of his property to his executors in trust, with direction that seventy per cent. of the income be paid to a named beneficiary, after whose death or remarriage the entire estate was to be distributed among cousins. It was there held that the remainder of the income from the estate was not intestate property, but a part of the corpus of the estate and distributable among the cousins when the trust is terminated. In that case there was no direction *Page 63 
for the accumulation of income nor a specific disposition of such surplus income. The surplus income in the instant case should be retained by the trustee until the time for distribution of thecorpus arrives and should then be distributed with the corpus
among the persons entitled thereto.
 IV
No successor trustee need be appointed in the place and stead of testator's wife. It is clear from the language of the will that testator only intended that his wife act as trustee during her lifetime and that after her death the income should be paid directly to his daughter.
 V
A gift to a class without more creates a joint tenancy. Crane
v. Bolles, 49 N.J. Eq. 373; 24 Atl. Rep. 237; Redmond v.Gummere, supra. But where the gift contains words of severance denoting plurality of interests among the class the rule does not apply. Post v. Herbert's Executors, 27 N.J. Eq. 540. In this will there are words of severance and the objects of the gift take as individuals. Since Emma L. Schrick died prior to the period of distribution without leaving a child or children, no divesting occurred and her share passed upon her death to her executrix.
 VI
This question is purely academic at this time. Gertrude Stein Kirk is still alive and may survive the period of distribution. "The action of the court should be confined to instruction as to present duty or to the duty likely to arise under present conditions." Caldwell National Bank v. Rickard, 103 N.J. Eq. 516; 143 Atl. Rep. 745. *Page 64