Complainant seeks a decree construing the ninth paragraph of the will of Samuel V. Reeves, deceased, in order that it may safely distribute the corpus of decedent's estate to the beneficiaries entitled thereto under said paragraph.
Complainant has a decree pro confesso against all of the parties defendant with the exception of Walter Bruce Reeves, who is an infant and represented in these proceedings by the Clerk in Chancery through his solicitor.
Testator died testate on March 30th, 1929, leaving him surviving four children, for one of whom he made provision in his will other than the provision contained in the paragraph which the court is called upon to construe. *Page 543 
The three surviving children who have an interest in the present proceedings are Clara B. Reeves Birch, Henry C. Reeves, and Samuel M. Reeves. Samuel M. Reeves has eight living children, Henry C. Reeves has six living children and Clara B. Reeves Birch has five living children.
The provision of the will (clause 9, paragraph 5) upon which construction is sought, reads as follows:
"Upon the maturity of my said Building and Loan Association Stock and the payment of the proceeds thereof unto the residue of my estate I direct that the remaining three-fifths parts of said residue undistributed, be distributed among and paid to such of my children, excluding my daughter, Emma C.B. Reeves, herein otherwise provided for, and grandchildren and the issue of any deceased grandchildren as may be living at the time of said distribution, per stirpes and not per capita, the children of deceased children or grandchildren to take the share their respective parents would have taken if living."
The Building and Loan Association stock referred to in the above quoted paragraph has matured and the executor is prepared to file his final account and seek an order of distribution.
The first question is — did the testator, by the above quoted paragraph, intend that the three-fifths residue of his estate should be distributed to his three living children and the grandchildren be decreed to have no interest therein, or should said above quoted paragraph be decreed to warrant a distribution of the three-fifths portion of the residue of testator's estate to the children and grandchildren of the testator living at the time of distribution thereof, and if the latter construction is decreed, do the beneficiaries take as tenants in common or as joint tenants?
At the outset it may be said that there is no issue of any deceased child or grandchild.
A fair reading of the residuary clause above quoted results, it seems to me, in a finding that the gift intended by the testator, in so far as children and grandchildren living at the time of distribution is concerned, was a gift to the children and the grandchildren and not a gift to the children to the exclusion of the grandchildren. It will be noted that the three-fifths portion of the residue was ordered to be distributed *Page 544 
"among and paid to such of my children * * * and grandchildren * * * as may be living at the time of said distribution." It is only by ignoring the conjunction "and" that the court would be justified in excluding the grandchildren from the gift and there is nothing in the context of the will that would justify such an exclusion. There is no indication from the preceding paragraph of clause 9 of the will which aids in the ascertainment of testator's intent when dealing with the three-fifths interest of his residuary estate in the disputed paragraph. True, he had given to his daughter, Emma, one-fifth of the residue if she was living at the time of distribution, and permitted her to dispose of the said one-fifth by will before the time of distribution, and also provided that in the event of her dying intestate, the one-fifth portion should go under the laws of distribution of this state. But testator was dealing with the share of an unmarried daughter and that status remained throughout testator's life, as well as that of the daughter. Testator, under these circumstances, was not dealing with the interest of possible children of his daughter and it was not necessary to consider grandchildren until he attempted the disposition of the remaining three-fifths of his residuary estate. Therefore, it cannot be justly said that the bequest of the three-fifths interest, as compared with the bequest to the daughter of the one-fifth interest of the residue, tends toward an unfair distribution among his children.
In addition to the gift to the children and grandchildren, testator provided that "the issue of any deceased grandchildren as may be living at the time of said distribution" should take"per stirpes and not per capita."
The gift of the three-fifths portion of the residue was (a) to children living at the time of distribution, (b) to grandchildren living at that time, and (c) to the issue of deceased grandchildren living at that time, so that the words "perstirpes and not per capita" must refer to the share of children of deceased grandchildren and not to gifts in (a) or (b). This is a necessary conclusion, since the gifts to the children and grandchildren were to them absolutely and not dependent upon the prior death of a previous beneficiary. *Page 545 
Testator having provided for the gifts in A, B and C, had effectually disposed of the three-fifths remaining interest in his residuary estate and might well have closed the paragraph. But he continued after having said that the issue of deceased grandchildren should take per stirpes and not per capita, and further provided "the children of deceased children or grandchildren to take the share their respective parents would have taken if living." It is quite apparent that the issue of a deceased child living at the time of distribution would have taken in his or her own right under (c), "grandchildren living at the time of distribution" and it is also quite apparent that the issue of deceased grandchildren would take the share of the deceased grandchild in (c), so that this last provision of paragraph 5 of clause 9 was unnecessary and, as I view it, merely reiterated that which had already been said by the testator. The intent to give to the children, grandchildren and their issue living at the time of distribution, by the preceding language of the will, is unmistakable, as it is that testator intended the issue of deceased grandchildren to take per stirpes, and it cannot be said that he meant in any way to change those bequests by what he subsequently said, especially when it is quite apparent that the words "children of deceased children" must have been inadvertently inserted. It would seem that testator endeavored, by the concluding words of the paragraph, to translate the Latin words "per stirpes" as he had used them in reference to children of grandchildren in the immediately preceding portion of the paragraph.
The result of the finding aforesaid would be that the clause under consideration should be read as it was written, with the elimination from the last phrase of the paragraph of the words "children of deceased children" and to read "the children of deceased grandchildren to take the share their respective parents would have taken if living."
It has been said frequently that it is not a word or necessarily a combination of words in the construction of a will that should govern, but that it is the intent of testator manifested in his will, that is sacred, and must prevail. Brown
v. Mugway, 15 N.J. Law 330; Elizabeth Trust Co. v. Clark,96 N.J. Eq. 550; 126 Atl. Rep. 604; Swetland v. Swetland, 100 N.J. Eq. 196; 134 Atl. Rep. 822. *Page 546 
In the Swetland Case the court said:
"Where the testator's intention is manifest from the context of the will and surrounding circumstances, but it is endangered and obscured by inapt and inaccurate modes of expression, the language will be subordinated to the intention, and in order to effectuate such intention, as far as possible, the court may depart from the strict words and read a word or phrase in a sense different from that which is ordinarily attributed to it, and for such purpose may mold or change the language of the will such as by rejecting superfluous, absurd or repugnant words or phrases, or restricting them in their application; by supplying omitted words or phrases; by transposing words, expressions or sentences; or by substituting one word or phrase for another. This rule, however, applies only where it is necessary in order to effectuate the testator's intention, which is clearly apparent, but which has been defectively expressed in the will."
We proceed to the question as to whether the beneficiaries take as tenants in common or as joint tenants.
The gift to testator's children and grandchildren of the remaining three-fifths part of the residuary estate is unquestionably a class gift, as defined in numerous cases, such as Clark v. Morehous, 74 N.J. Eq. 658; 70 Atl. Rep. 307, in which the court said:
"A gift to a class has been defined by a recent decision of this court to be a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time who are all to take in equal or some other definite proportions, the share of each being dependent for its amount upon the actual number."
Being a class gift as aforesaid, there may be no doubt that presumptively a joint tenancy in testator's personal estate was created between those entitled to take under the disputed paragraph of the will, and there is nothing in the context of the will to indicate the contrary, such as words of severance or otherwise.
The rule as above stated is distinctly set forth in Noe'sAdministrator v. Miller's Executors, 31 N.J. Eq. 234 (at p.236), as follows: *Page 547 
"* * * Where a legacy is given to two or more persons by name or as a class, without more, they take as joint tenants. (Westcott v. Cady, 5 Johns. Ch. 348; Hawk on Wills 111; 2Jarm. In Wills 158; Kent Com. 350), but, in a grant or devise of land, express words are necessary to create a joint tenancy. (Rev. p. 167.) And in a bequest of personalty, slight evidence of an intention to confer distinct interests will operate as a severance, and their legatees will take as tenants in common. As, for example, if the language of the bequest is, that A and his children shall take equally, or by shares, or if the testator employs any other words indicating distinction or plurality of interests, in all such cases the legatees will take as tenants in common."
See, also, Redmond v. Gummere, 94 N.J. Eq. 216;119 Atl. Rep. 631; Morris v. Martin, 120 N.J. Eq. 143;184 Atl. Rep. 210, and Schumacher v. Howard Savings Institution, 128 N.J. Eq. 56; 15 Atl. Rep. 2d 107.
A decree may be entered in accord herewith, including therein allowance to counsel, as heretofore fixed.